# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## THIRD DISTRICT—MAY TERM, 1889.

### CHRISTIAN LINCK

v.

### WALTER SCHEFFEL, BY NEXT FRIEND, ETC.

*Dogs—Personal Injury—Action for Damages—Measure of—Instructions, When Error in Immaterial—Alleged Negligence of Infant—Evidence.*

1. On appeal from judgment for plaintiff in an action to recover damages for injury to minor from bite of a dog, it is *held:* That whether or not an instruction on the measure of damages was incorrect is immaterial on either of two grounds: 1st. That no point was made in the court below on motion for a new trial that the damages were excessive. 2d. That the damages were not excessive, hence the defendant was not injured by the instruction, even if erroneous.

2. Instructions which placed plaintiff, a child of seven years, virtually upon the same plane of care and diligence as an adult, should be refused. It is for the jury to determine from the age and intelligence of the child whether he used due care or not.

3. Evidence tending to show that defendant's dog, at other times and to other persons than those referred to by plaintiff's witnesses, was quiet and had never offered to bite, should be refused.

4. Evidence tending to show that plaintiff at other times and places had teased and worried the dog is inadmissible.

[Opinion filed November 23, 1889.]

APPEAL from the Circuit Court of Montgomery County; the Hon. J. FOUKE, Judge, presiding.

Messrs. LANE & COOPER, A. N. KINGSBURY and GEORGE PEPPERDINE, for appellant.

Messrs. GEORGE L. ZINK and JAMES M. TRUITT, for appellee.

In the case of Buckley v. Leonard, 4 Denio, 500, it was held that when the owner of a dog which had bitten other persons had notice of the fact, and afterward suffered him to be at large, when he bit the plaintiff, it was no answer to the action for the injury to the plaintiff to show that the dog was generally inoffensive. The court say such evidence is immaterial.

That case was followed and fully approved by the case of Mann v. Weiand, 81 Pa. St. 243.

As early as 1861 our Supreme Court, in the case of C., B. & Q. R. R. Co. v. Dewey, 26 Ill. 258, announced the doctrine that a child could not be required to exercise the same degree of caution and care as one of mature years. That case has been followed by a number of cases. See C. & A. R. R. Co. v. Gregory, 58 Ill. 226; C. & A. R. R. Co. v. Murray, 71 Ill. 601; Railroad Co. v. Gladman, 15 Wall. 408; Chicago v. Hesing, 83 Ill. 204; Kerr v. Forgue, 54 Ill. 482; Weick v. Lander, 75 Ill. 93; C. & A. R. R. Co. v. Becker, 76 Ill. 25; R. R. I. & St. L. R. R. Co. v. Delaney, 82 Ill. 198; Meibus v. Dodge, 38 Wis. 300; Plumley v. Birge, 124 Mass. 57; Lynch v. Smith, 104 Mass. 52; Ostertag v. Pacific R. R. Co., 64 Mo. 423.

Counsel complain that appellant was not permitted to prove that appellee had thrown stones at the dog, and so had made him vicious toward appellee. The court properly excluded that testimony, because it was immaterial and could only tend to mislead the jury. Flansburg v. Basin, 3 Ill. App. 531; Muller v. McKesson, 73 N. Y. 195.

In Smith v. Pelah, 2 Strange, 1264, held, if a dog has once bitten a man, and the owner, having notice thereof, keeps the dog, a suit will lie against him by one who is bitten, though it happened by such person treading on the dog's toes, for it

Linck v. Scheffel.

was owing to his not hanging the dog on the first notice.   In Arnold v. Norton, 25 Conn. 92, it was held that satisfactory proof of a single instance of the dog having previously bitten a person was sufficient to establish the bad propensity.   See, also, Ketbridge v. Elliott, 16 N. H. 77; Loomis v. Terry, 17 Wend. 496; Cockerham v. Nixon, 11 Iredell, 269; Worth v. Gilling, 2 L. R. (C. P.) 1; Flansburg v. Basin, 3 Ill. App. 531; Stumps v. Kelley, 22 Ill. 140.

CONGER, J.   This was an action of trespass on the case. The appellee was a boy aged about seven years, and on the morning of the 28th of November, 1887, was passing appellant's residence with a hand-sled, and there being a slight inclination in the sidewalk in the direction the boy was going he threw himself down upon his sled to coast down the incline when appellant's dog sprang upon him and bit him in the hip. There was some attempt upon the part of the appellant to show that the instant before the boy was bitten he had kicked the dog, or attempted to do so, but the jury, in a special finding, found that he did not, and also that appellant's dog was accustomed to bite mankind prior to the 28th day of November, 1887, and that appellant had knowledge of such fact, which findings, we think, were justified by the evidence.   The jury returned a verdict for seventy-five dollars, upon which judgment was rendered, and appellant brings the case here for review.

It is urged that the instructions given upon the measure of damages is not a correct statement of the rule applicable to such cases.   The answer to this objection is two-fold: first, no point was made in the court below upon motion for a new trial that the damages were excessive.   As said in Jones v. Jones, 71 Ill. 563, " Where the damages are excessive the presumption is that on being asked, the court below will require a *remittitur* to the proper amount or grant a new trial.   And when no such request is made of the judge trying the case the party must be regarded as having had no objections to the amount of the finding, or ,if he had, that he waived them." Second, the damages, in our judgment, are not excessive,

and hence appellant has in no way been injured by the instructions complained of, even if erroneous.

Complaint is made by appellant that the court refused the following instructions:

5. The court instructs the jury that if they believe from the evidence that the dog's biting the plaintiff was provoked by the plaintiff's kicking the dog, and was due to that fact alone, then they should find the defendant not guilty, notwithstanding the plaintiff is a minor.

7. The jury are instructed that if they believe from the evidence that the defendant's dog was irritated and aggravated to bite the plaintiff, by being kicked by the plaintiff, that the plaintiff can not take the advantage of his own wrong and receive as damage for an injury received as a result of his own carelessness and recklessness; and if the jury believe from the evidence that the defendant's dog bit the plaintiff, as the sole result of being kicked by the plaintiff, and not from the fact of being a dangerous and savage animal naturally, they will find for the defendant.

When it is remembered that appellee at the time of the occurrence was only about seven years old, it can be seen that these instructions were calculated to mislead the jury and were properly refused. They virtually place appellee upon the same plane of care and diligence as an adult, entirely ignoring the principle that the jury must determine from the age and general intelligence of appellee at the time, whether or not he used the care required of him by the law. C. & A. R. R. Co. v. Murray, 71 Ill. 601, and cases there cited.

The court below refused to permit appellant to show that his dog at other times and to other persons than those referred to by appellee's witnesses, was quiet, and had never offered to bite them, and this ruling we think was right; for it matters not what the dog's general character for peaceableness was, if it could be shown that he had in fact bitten people without justification prior to his assault upon appellee, and that appellant had knowledge of it.

Neither would it have been proper to show that appellee

at other times and places than the one where bitten, had teased and worried the dog. It would be a dangerous rule to hold that because a thoughtless child should at one time strike or worry a dog he might afterward be bitten with impunity.

We think the verdict is well sustained by the evidence, and no such substantial error occurred upon the trial below as to require us to interfere.

The judgment of the Circuit Court will therefore be affirmed.

*Judgment affirmed.*