## City of Paxton v. Jennie A. Frew.

1. CITIES AND VILLAGES—*Duty in Relation to Sidewalks.*—Where a walk becomes old and worn out it is the duty of the city to cause the planks or boards of the walk to be inspected, and such as are found so weak, old, worn or thin as to be insufficient, to be taken out and replaced by planks sound and strong enough for the ordinary purposes of a sidewalk.

2. CITIES AND VILLAGES—*Liability for Old and Worn Sidewalks.*— Where a sidewalk from use for years becomes worn and out of repair, and the city instead of removing all wornout boards and replacing them with new, continues the walk in use, trusting that by frequent inspection it may discover all breaches or holes before any one would fall into them, it will be held to have notice of the condition of the walk.

3. CITIES AND VILLAGES—*Not Required to Keep Constant Watch Over Walks.*—A city is not required to keep constant guard and watch over walks supposed to be safe and sufficient, to see that some one does not break holes into or destroy them, or that such breaches do not occur from other unexpected causes.

4. CITIES AND VILLAGES—*Liability for Defective Walks—Notice.*—In order to charge a city with liability for injuries occasioned by broken walks or holes made in a walk, it must appear that the city had actual notice of the existence of the breach or hole, or that the defect had existed for such length of time that the city in the exercise of ordinary diligence ought to have discovered and remedied it.

5. CITIES AND VILLAGES—*Construction—Notice of Defects.*—The rule that the city must have notice of defects has no application to relieve it from liability when it is charged with knowledge that the material of which a walk is composed is insufficient for the purpose, and chooses to omit the duty of making the walk safe, but adopts the policy of attempting to discover and repair breaches that may be occasioned because of such insufficiency of the material before any one is injured.

6. INSTRUCTIONS—*Assuming Facts.*—It has never been held erroneous to assume in any instruction the existence of an uncontroverted fact.

7. EXCESSIVE DAMAGES—*Question Can Not Be Raised for the First*

*Time in the Appellate Court.*—Where it was not urged in the motion for a new trial, nor assigned for ground of error, that the damages are excessive, the Appellate Court will not consider an instruction upon the question of damages in order to determine whether or not it is abstractly right.

**Memorandum.**—Action for personal injuries. Appeal from the Circuit Court of Ford County; the Hon. ALFRED SAMPLE, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed October 28, 1893.

The opinion states the case.

COOK & MOFFETT, attorneys for appellant.

M. H. CLOUD, E. C. GRAY and A. E. DEMANGE, attorneys for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

When attempting to pass over a sidewalk in the appellant city, the appellee stepped into a hole in one of the planks of which the walk was composed, and received a violent fall. This action was case to recover damages for the injuries thus sustained. The judgment below upon the verdict of a jury, was for the appellee, her damages being assessed at $600. This is an appeal from said judgment. The evidence bearing upon the questions whether the city had used reasonable diligence to keep the walk in a reasonably safe condition, and whether the appellee had notice or knowledge of the alleged unsafe condition of the walk and exercised ordinary care for her own safety, we find to be quite sufficient to support the conclusion reached by the jury. Unless error is found in the instructions of the court, there is no ground for the interference of an appellate court. Complaint is made that the first instruction given for the appellee entirely ignores her legal duty to use ordinary care, and is so worded as to assume as being uncontroverted, that the walk was unsafe. The purpose of this instruction and its purport was to advise the jury that the appellee might lawfully assume that the sidewalk was safe and attempt to pass along it upon

the faith of such presumption, and that the jury were to assume that she had no knowledge that it was not safe unless such knowledge was proven. While it is true that in order to recover, the appellee must have used ordinary care in passing over the walk, and that reference to that legal requirement might have been not inappropriately made in the instruction, yet we do not think the omission could have operated to mislead the jury even if a reference to or acknowledgment of the existence of such duty was necessary to a perfect instruction. The evidence as to the care or prudence of the appellee was that she was passing along the walk after dark (though not at an unusual hour), in the ordinary way as others would, and there is no reason to believe or intimation to be found in the evidence that there was any negligence or lack of care on her part. If the circumstances under which an injury was received are known and proven, that the injured person exercised due care may be presumed, if there is no proof that such person was negligent, or failed to exercise proper caution. That she was charged with the duty of exercising ordinary care for her own safety was impressed upon the jury by the 5th, 6th, 7th and 13th instructions given in behalf of the appellant. To hold that in addition thereto that duty should have been referred to in another instruction, the only purpose of which was to state the legal principle that every person not advised to the contrary, might assume that a walk is safe, and that a failure to do so should be deemed a fatal omission and defeat a right of recovery, would be wholly unjustifiable. It is complained that the instruction under consideration might have been understood by the jury to imply that the court assumed that the walk was in fact unsafe. Even if such an implication might be drawn from the language employed in the instruction, it would not furnish cause for reversal of the judgment. The evidence showed, without contradiction, that one of the planks in the walk had been broken between two stringers, leaving a hole in the walk nearly six inches in depth and twelve inches in width, into which the appellee stepped.

The appellant city did not contest the truth of this. Its counsel in the brief filed in this court say : " We claim that the hole into which she stepped was of such recent origin, that the city could not have known of its existence without the exercise of the very highest degree of care and diligence. Appellant claims that the hole was there but a few hours; that it was broken by some force from the top," etc. It has never been held erroneous to assume, in any instruction, the existence of an uncontroverted fact. The purpose of the fourth instruction in behalf of the appellee, was to advise the jury as to the measure of damage, and after doing that in a manner not complained of, the instruction concludes by directing the jury, that from all the evidence in the case they may determine the amount they believe she is entitled to recover. The objection urged is that the amount to be recovered is not what the jury may believe the plaintiff entitled to, but such damages only as the evidence shows have been sustained.

It was not urged in the motion for a new trial, nor is it assigned as ground of error in this court, that the damages awarded by the verdict are excessive. The supposed misdirection could only in that respect have prejudicially affected the appellant city and no complaint of that character having been made in the Circuit Court, and none being made here, we find no occasion to enter upon a discussion of the fourth instruction in order to determine whether or not it is abstractedly right.

As we said before, the city did not pretend to deny the existence of a dangerous hole in the walk into which appellee stepped. The defense sought to be made was, that the city did not have actual notice of the defect; that the hole came in the walk by the breaking of a plank and that the plank had been broken so recently before the mishap to the appellee, that the city, though exercising ordinary diligence, had not discovered it. Excluding the evidence in behalf of the appellee, and considering only that produced in behalf of the city, we think the defense was not made good. From the evidence it appeared that the walk

was located in close proximity to the public school grounds, and had been constructed some ten or twelve years, and was composed of pine boards or planks, originally an inch or an inch and a quarter in thickness, laid crosswise upon wooden stringers. Mr. Robinson, superintendent of schools, as a witness for the city, testified that many of the planks of the walk were old and thin and so weak that they were easily broken. That the children attending the school layed about and upon the walk, and that the planks would be broken by the boys in running across or playing on the walk; that the boys could stamp their feet through many of the planks, and he had known them to do that several times. Edwin Grayson, Fred Fitzsimons and Ross Mercer, pupils of the schools, witnesses for the city, testified that the planks of the walk were so old, weak and worn there, that they would often break through when the boys were running and playing on them, and that the boys could and did frequently stamp their feet through the boards of the walk and leave holes in it.

Mr. Swanson, city superintendent of the streets and a witness for the city, stated that the boards in the walk could be and were broken through by the boys; that "the boys jumped up and down on them with their heels and broke them through;" that "he knew they were constantly broken for some time before the plaintiff was injured;" and that "he fixed holes in the walk nearly every week." The superintendent of schools and the pupils before named, as witnesses for the city, stated that the superintendent of streets, or other employes of the city, visited the walk, and repaired the breaks and holes in it at least once a week, and often twice a week for a period of one month or more before the occasion of the injury to the appellee. It thus appeared that the planks of the walk were so weak, old and worn that they gave way beneath the feet of the boys of school as they ran, played and jumped upon them, leaving holes into which a passer-by might, at any time, step or fall, and that other planks were so weak that the boys of the school could and frequently did stamp their feet through the walk,

creating like breaks and openings in it, and that such holes were frequently, or as the superintendent of streets said, "constantly" being made in the walk, and it further appeared from the testimony of the city authorities, that the city knew of the unsafe character of the walk, and that dangerous holes were being constantly found by the breaking away of the planks. The manifest duty of the city was to have caused the planks or boards of the walk to be inspected, and such as were found so weak, old, worn or thin as to be insufficient, to be taken out and replaced by plank sound and strong enough for the ordinary purposes of a sidewalk; but instead of doing so, the city continued the walk in use, trusting that by frequent inspection its superintendent, or some of his employes, happily might discover all breaches and holes that would most likely be made in it before any one would fall into them. It must be admitted that the street superintendent and his employes made frequent visits to the walk for the purpose of discovering and repairing new breaches and holes in it, but unfortunately the appellee stepped into a hole broken in the walk between such visits of the repairing force. Whether this particular hole had been in the walk such a length of time that the city, in the exercise of ordinary diligence, ought have discovered it, was the subject of much conflicting testimony, and so conflicting, in fact, that its determination was so fairly a question for the judgment of the jury, as to be beyond the interference of an appellate court. But if such were not true, we would not be justified in disturbing the verdict.

A city is not required to keep constant guard and watch over walks, supposed to be safe and sufficient, to see that some one does not break holes into, or destroy them, or that such breaches do not occur from other unexpected causes. Hence the rule, that in order to charge a city with liability for injuries occasioned by broken walks or holes made in a walk, it must appear that the city had actual notice of the existence of the breach or hole or that the defect had existed for such length of time that the city in the exercise of ordinary diligence ought have discovered and remedied it.

Such a rule has no application to relieve from liability a city when it is charged with knowledge that the material of which a walk is composed is insufficient for the purpose, and chooses to omit the duty of making the walk safe, but adopts the policy of attempting to discover and repair breaches that may be occasioned because of such insufficiency of the material, before any one is injured. In such cases the city can not complain if the courts require of them what they have voluntarily undertaken to do, that is, discover and repair the defects before any one is hurt, or be liable for the injury occasioned. It is complained, and not unjustly, that the sixth instruction given for the appellee contravenes the rule that particular portions of the evidence should not be selected and given apparent undue prominence.

The facts thus supposed to have been given unwarranted prominence were brought into the case by the witnesses produced by the appellant, were not controverted, and comprised all the material facts upon this particular matter involved, or so nearly all of such facts, that we can not conceive that any real injury was occasioned by the instruction. Objections are urged against the third and seventh of the appellee's instructions, but we find no defect in either so substantial or immaterial as to demand a reversal of judgment so clearly right upon the conceded and undisputed facts. The judgment is affirmed.