## Henry Danley et al. v. Mittie Hibbard.

1. DRAM-SHOP ACT—*what confers cause of action under section 9.* If, by reason of the sale or the giving of intoxicating liquors by the defendants to the son of the plaintiff, such son became an habitual drunkard and in consequence a pauper, and his support thereby fell upon the plaintiff, his mother, a cause of action arises under section 9 of the Dram-Shop Act.

2. COMPETENT EVIDENCE—*when rejection of, cannot be urged as error.* The rejection of competent evidence which pertained to the amount of the damages cannot be complained of where the excessiveness of the verdict was not made one of the grounds for a new trial.

3. INSTRUCTION—*may be in language of the statute.* An instruction in an action under section 9 of the Dram-Shop Act, which is substantially in the language of such statute, is proper.

4. INSTRUCTION—*particular phrase in, given in action under Dram-shop Act, held proper.* An instruction in such an action is proper which tells the jury that in order to make a dram-shop keeper liable it is only necessary to show that the liquor, if any, sold by him " materially contributed or assisted in producing" such habitual intoxication.

Action on the case under Dram-Shop Act. Appeal from the Circuit Court of Hancock County; the Hon. JOHN A. GRAY, Judge,

presiding. Heard in this court at the May term, 1905. Affirmed. Opinion filed February 1, 1906.

PLANTZ & LANET and W. H. HARTZELL, for appellants.

CHARLES J. SCOFIELD, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellee against appellants, dram-shop keepers and owners of premises occupied for the sale of intoxicating liquors, to recover damages under section 9 of the act entitled "Dram-shops." There was a verdict and judgment in the court below against appellants for $1,000.

The declaration contains three counts. The first count alleges the selling and giving intoxicating liquors to one Robert W. Hibbard, thereby causing him to become habitually intoxicated; that said Robert Hibbard is the son of appellee, living with appellee, and that appellee is a widow and a poor person without adequate means of support; that said Robert is of age, able and willing to earn a living for appellee, and would have done so but for said habitual intoxication; that by reason of such intoxication he has become broken down and ruined physically and otherwise, and incapacitated from earning money for appellee's support; that by reason thereof appellee has been injured in her means of support and has been compelled to support her said son, and her said son has wasted and squandered her means and property of the value of $1,000. The second count alleges like sale and giving of intoxicating liquors to appellee's said son; that said son is a poor person, unable to earn a livelihood in consequence of his habitual intoxication; that said son is unmarried, and has no child or children, and that his father died prior to the giving and sale of the intoxicating liquors complained of; that said son is living with appellee, and that by reason of the statute she is and has been required to support him as a poor person; that appellee did support her said son out of her own property, and paid out and expended therefor the sum of $1,000; that appellee during all of said time was of lim-

ited means, owning her own house and having a small sum
of money, and having no other property or means, which
sum of money she used in support of her said son, and was
thereby injured in her property. The third count is sub-
stantially the same as the second, concluding with the
averment that appellee was injured in her means of sup-
port. A demurrer interposed by appellants to the declara-
tion was overruled, and they pleaded the general issue.

By their motion in arrest of judgment, which was over-
ruled by the court, appellants preserved for review the
sufficiency of the declaration to support a judgment against
them; that is, whether, conceding the facts to be true as
alleged in the declaration, there is in law a right of recovery
by appellee. Fitch v. Johnson, 104 Ill. 111.

We are of opinion that the declaration states a cause of
action. By section 1 of the act entitled "Paupers," a per-
son who becomes a pauper from intemperance is entitled to
support from his or her parent. The legal obligation is,
by the statute, imposed upon the parent to support such
pauper child. That the intention of the legislature in en-
acting the statute was to indemnify the people against the
maintenance of paupers, as was held in Mercer v. Jackson,
54 Ill. 397, does not affect the question of the legal liability
of the parent to furnish such support. If, therefore, the
sale or giving of intoxicating liquors by appellants to ap-
pellee's son was the cause, in whole or in part, of his be-
coming an habitual drunkard, whereby he became a pauper,
and a legal liability, not otherwise accruing, was thereby
created on the part of appellee to support him, to the extent
that such necessary support by appellee, so induced by the
acts of appellants, deprived her of her property, she was
injured in her property in direct consequence of such ha-
bitual drunkenness, and a right of action accrued to her
by virtue of section 9 of the act entitled "Dram-Shops."

Appellants say that appellee has no right of action against
them under the Dram-Shop Act, because Robert W. Hib-
bard has no right of support from appellee, under the Pau-
per Act, which he could enforce by an action in his own

Danley v. Hibbard.

name. That Robert W. Hibbard could not enforce his support by appellee by an action against her in his own name, is not a bar to this action against appellants by appellee. The Dram-Shop Act gives every husband, wife, child, parent, etc., who shall be injured in person, property, or means of support in consequence of the intoxication, habitual or otherwise, of any person, a right of action against any person causing such intoxication, in whole or in part. As no right of support enforceable by an action in his or her own name exists in favor of a husband against a wife, or a wife against a husband, or a child against a parent, section 9 of the Dram-Shop Act would not afford the remedy contemplated, if the person seeking relief thereunder, or the person by reason of whose intoxication the relief is sought, was bound to show a right of support enforceable by an action in his or her own name against the other.

It is insisted by appellants that, assuming the declaration states a cause of action, there is no evidence in the record tending to show that Robert W. Hibbard is a poor person or pauper. It was stipulated that he had been an habitual drunkard since the death of his father, on March 17, 1902. It further appears from the evidence that he is twenty-six years of age; that he inherited no estate from his father; that he has earned since the death of his father not to exceed $15; that owing to his habitual drunkenness he has had neither capacity nor inclination to work; that he has lived with appellee, his mother, and been wholly supported by her at an expense to her of from $100 to $150 a year; that appellee had no independent means of her own, and had conducted a little insurance business. It seems to have been conceded by appellants, upon the trial, that the son was a pauper, as well as an habitual drunkard, and we think the evidence clearly justifies the conclusion that he was such.

The court rejected evidence offered by appellants for the purpose of showing that the son was an habitual drunkard prior to the death of his father, and this is assigned as error.

The competency of the evidence, in mitigation of damages, is asserted upon the ground that, if, prior to his father's death, the son was an habitual drunkard and a worthless character, it would tend to show he was unable to give appellee a support at any time, and that there had been no change in his condition. The substantive issue upon which the case was tried, was that appellee had of necessity been compelled, out of her slender means, to support her son, a pauper, not that her son had failed to support her. Upon that substantive issue the evidence offered was irrelevant. Furthermore, as appellants make no claim in their motion for a new trial, or in their assignment of errors, that the damages are excessive, they are in no position to complain of alleged errors affecting, merely, the amount of the damages.

Appellee's third instruction is in the language of the statute, and was not improperly given. Donk Bros. Coal and Coke Co. v. Peton, 192 Ill. 41; Kellyville Coal Co. v. Strine, 217 Ill. 515.

The sixth instruction given at the request of appellee informed the jury that in order to make a dram-shop keeper liable it is only necessary to show that the liquor, if any, sold by him, " materially contributed or assisted in producing " such habitual intoxication. It is urged that the words " or assisted " mistake the law, that nothing short of a sale of liquor which materially contributed to such habitual intoxication would make appellants liable. The word " materially" qualifies the word " assisted " as well as " contributed," and the instruction is not subject to the objection made.

If the declaration states a cause of action, as we hold it does, there was evidence of actual damages sustained by appellee, in the amount expended by her for the support of her son, and the court did not err in giving the ninth instruction asked by appellee.

The second instruction offered by appellants was not modified to their prejudice. There is no evidence in the record justifying a recovery by appellee predicated upon

the hypothesis contained in the instruction as offered. Appellee is not a pauper, and her son is, therefore, not liable, for her support, nor has been since his father's death.

We have considered the criticisms upon the action of the court in modifying and refusing certain other instructions, but do not find anything therein deserving further discussion. The verdict is amply supported by the evidence, and the judgment is affirmed.

*Affirmed.*