## Fred Wettrick, Appellee, v. Daniel Martin et al., Appellants.

1. VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

2. INSTRUCTIONS—*when as to immaterial issue proper.* It is proper for the court to instruct the jury to disregard any issue which is immaterial to the determination of the merits of the controversy.

3. INSTRUCTIONS—*when propriety of, upon question of damages not considered.* The propriety of an instruction pertaining solely to a question of damages will not be considered on review if the defendant did not urge as a ground for a new trial that the damages awarded were excessive.

Action in trespass. Appeal from the Circuit Court of Hancock county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed October 14, 1911.

WILLIAM H. HARTZELL and SEYMOUR L. McCRORY, for appellants.

SCOFIELD & CALIFF, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in trespass for an alleged assault and battery. To the declaration, which is in the usual

form, both defendants pleaded not guilty, and the defendant Edward Martin also pleaded self-defense of his person. Upon a trial by jury, a verdict was returned finding both of the defendants guilty and assessing the plaintiff's damages at the sum of $1,000. Judgment was rendered on the verdict, and defendants appealed.

The evidence adduced by the plaintiff tends to show that for some time prior to December 9, 1910, there had been a dispute between the defendants and the plaintiff over the ownership and possession of a tract of land lying between the farm of the respective parties, which land was then in the possession of the defendants. On the day in question, the defendants were hauling wood over the disputed tract. The plaintiff ordered them off the same, and upon their refusal to leave, grasped their horses by the bits and attempted to stop them, while Edward, who was driving, in the meantime endeavored to urge them onward. Edward then jumped off the wagon and struck the plaintiff over the back with a buggy whip. The plaintiff then attempted to take the whip from Edward, whereupon, Daniel jumped off the wagon and started toward the plaintiff with a club in his hand. While the plaintiff's attention was thus diverted, Edward again struck him several times over the head with the whip, severely injuring him and so that he was rendered unconscious.

The evidence of the defendants tends to show that while Edward was urging the team forward with his whip, the plaintiff struck him on the head with a club and knocked him to the ground, and when Daniel alighted from the wagon and expostulated with him, the plaintiff again struck Edward several times on the head, arms and across the back, and that Edward struck him in self-defense. While the evidence is in close conflict upon the material issue as to by whom the first blow was given, we are of opinion, after a careful examination of the record, that the jury were

justified in finding that the defendant, Edward Martin, was guilty of assaulting the plaintiff, as charged, and that he was not acting in self-defense. While the evidence as to Daniel Martin's guilt is not so strong, we cannot say that the jury was clearly unwarranted in finding that even if he committed no direct assault himself, he incited and encouraged his co-defendant in so doing. There is evidence tending to show that when Edward jumped off the wagon he handed the reins to Daniel, who at the time had reason to believe that Edward was about to assault the plaintiff; that after Edward struck the plaintiff, Daniel jumped from the wagon, seized a club, rushed to where the plaintiff stood, and raising the club, threatened to strike him, and that at the same time he advised Edward to kill the plaintiff. We are not disposed to disturb the finding of the jury upon the latter issue, approved, as it was, by the trial judge.

Complaint is made of the giving of the eleventh instruction offered by the plaintiff, which, among other things, told the jury that there was no evidence before them as to who was the owner of the land in dispute between the parties, and that this question was not before them for their consideration in deciding the case. The objection urged is that the jury were thus told that the question of the possession of the land, or who was the owner of the land, was not before the jury for their consideration. It is argued that the question as to the possession of the land was material in the case upon the issue of self-defense, for the reason that the dispute in question arose over the possession of the land; and furthermore, that the question of possession was proper to be considered in mitigation of damages. However this may be, it will be observed that the instruction refers, not to the question of possession, but to that of ownership of the land, which question is manifestly not involved in the

case, and is immaterial under the pleadings.

Plaintiff's instructions thirteen and fourteen, of which complaint is made, refer solely to damages. Inasmuch as it does not appear from the abstract that the defendants urged as a ground for new trial that the damages were excessive, it is unnecessary to consider this question. Complaint is made of various other rulings of the court upon the instructions. We have examined the instructions, and find no prejudicial error in the rulings of the court thereupon.

The judgment of the circuit court is affirmed.

*Affirmed.*