Regina Wolfstein, Appellee, v. Illinois Power & Light Corporation, Appellant.

Gen. No. 8,230.

Opinion filed April 17, 1929.

LeForgee, Black & Samuels, for appellant.

McDavid, Monroe & Mann, for appellee.

Per Curiam.

Regina Wolfstein, appellee, and plaintiff in this suit recovered a judgment in the circuit court of Macon county, at the October term, 1927, thereof, against the Illinois Power & Light Corporation, appellant here and defendant in the suit, for the sum of $1,800, in an action on the case for damages received in consequence of a collision between an automobile in which she was riding and a street car operated by appellant.

The issues under which the case was tried were presented by the first amended count of the declaration and the plea of the general issue. It is very forcibly contended by counsel for appellant that this count does not state a cause of action. The sufficiency of the count is preserved by motions to direct a verdict for the defendant at the close of the evidence introduced on behalf of plaintiff and at the close of all the evidence and also by a motion in arrest of judgment. The criticism made to the first amended count is that no duty or breach thereof is alleged therein. It is averred in the count:

"For That Whereas, the plaintiff on to wit: the 23rd day of January, A. D. 1927, in the city of Decatur, in the County aforesaid, was riding in a certain automobile driven and operated by one Irving Bright, in and along a certain street or public highway in the City of Decatur aforesaid, to wit: a certain street or public thoroughfare extending East and West and known as West Main Street, which said automobile was being so driven on and along said West Main Street between the intersection thereof with Oakland Avenue, and the intersection thereof with Fairview Avenue in said City, and near said Fairview Avenue, upon which street was a certain line of street railway of the defendant; And the defendant was then and there possessed of a certain electric car, operated and propelled by electricity, commonly known as a street car, which said street car was then and there under the care and management of the certain then servant, or servants, of the defendant, and said servant or servants were then and there driving the same upon and along the said street, West Main Street, between the intersection thereof with Oakland Avenue and the intersection thereof with Fairview Avenue, and near said Fairview Avenue in said City, as aforesaid, and while the plaintiff with all due care and diligence was

then and there riding in said automobile along and on said West Main Street, between the intersection thereof with Oakland Avenue and the intersection thereof with Fairview Avenue, and near said Fairview Avenue, as aforesaid, upon the said public highway there, being then, and at all times herein mentioned, in the exercise of due care and caution for her own safety, the defendant then and there, by its said servant or servants, so carelessly and improperly drove and managed the said street car, that by and through the negligence and improper conduct of the defendant, by its said servant or servants in that behalf, the said street car then and there ran into and struck, with great force and violence, upon and against the said automobile, and did by said force and violence then and there throw the plaintiff with great force and violence upon and against the windshield of said automobile, causing the glass thereof to become broken, and thereby then and there, tearing, mutilating, and greatly damaging and destroying clothing of the plaintiff, then and there owned and worn by her. And by means thereof, etc.''

The sufficiency of such a count, which has become generally known in practice as a ''general negligence'' count, was first brought to the attention of the Supreme Court in the case of *Chicago City Ry. Co. v. Jennings,* 157 Ill. 274. In this case a general and special demurrer to the count was overruled by the trial court, which action was sustained by the Appellate Court and the judgment affirmed by the Supreme Court. While the criticism advanced in the *Jennings* case, *supra,* seems to have been confined to the insufficiency of the count in not alleging specific acts of negligence on the part of the defendant, and the opinion of the court seems to be directed wholly to this point and does not include any discussion of the lack of any averment charging a duty, yet the demurrer was general and special and applied to the whole count which was ap-

proved by the court. The court was undoubtedly largely influenced in its judgment by the precedents established by long recognized authorities on common law pleading. Thus in 2 Chitty on Pleading 710, substantially the identical form as the count in this case, is set out as a proper precedent. The same form is also approved in 2 Humphreys on Precedents, 807, 8 Wentworth on Pleadings 396, and Yates on Pleadings 396. Similar counts have been approved in *Chicago, & A. R. Co. v. Redmond,* 171 Ill. 347; *Illinois Cent. R. Co. v. Shefner,* 209 Ill. 9, and *Chicago City R. Co. v. Pural,* 224 Ill. 324. It must be conceded, however, that in none of these cases was the sufficiency of such a count challenged on the ground of the failure to allege a duty and a breach thereof. It is an elementary rule of pleading in actions of this character that the pleader must state facts from which the law will imply a duty and a violation thereof. Do the facts set out in the first amended count in this case raise or imply a duty owed to appellee by appellant and a breach thereof by the latter? The facts averred are in substance, that the plaintiff was riding in an automobile along a certain street or public highway in the City of Decatur and that the defendant operated an electric street railway upon and along said street over which electric cars were propelled for the carriage of passengers, and while so riding in said automobile and in the exercise of due care for her own safety, the defendant, through its servants, so negligently operated said electric street car that it collided with the automobile in which plaintiff was riding, thereby injuring her. While, as a matter of law, street cars in cities have a superior right of way to the general public traveling thereon at places other than crossings, still the general public has the right to use and travel upon the entire street including that portion of it on which the street car tracks are laid and cannot be treated as trespassers. *North Chi-*

*cago St. R. Co. v. Smadraff*, 189 Ill. 155. In the case of *Swanson v. Chicago City R. Co.*, 242 Ill. 388, it was held: "Much of the argument of counsel seems to be based upon the mistaken assumption that the defendant, in operating a street car in public streets, is charged with no greater degree of responsibility and owes no greater duty to the public than does a steam railroad company on its private right of way to a person who is a mere trespasser thereon. . . . A street railway in the city, or a steam railroad along a public highway or at a public crossing in the city, is charged with a responsibility entirely different from that of a steam railroad on its private right of way. . . . A street railway, electric road or steam railroad, in the running of its trains, is required to exercise ordinary care and prudence to avoid injuring a person rightfully using the public streets and highways, regardless of statutory regulation on the subject." In our opinion the allegation that the plaintiff was rightfully upon a public street in the City of Decatur, in the exercise of due care for her own safety, is sufficient to raise a duty on the part of the street railway company to so operate its cars as not to negligently or carelessly injure her, and upon this theory the sufficiency of the count should be sustained.

The next contention made by appellant is that the manifest weight of the evidence proves that the motorman who operated the street car which collided with the automobile in which appellee was riding was not guilty of any negligence. At about 8 o'clock on the evening of January 23, 1927, Irving P. Bright, who resided at 174 Oakdale Street in the City of Decatur was driving a Buick coupe east on West Main Street in said city, which had room for three people. The driver's seat was advanced a short distance in front of the other seat. Accompanying him and sitting on that portion of the seat in his rear were his mother,

Mrs. Pearl Bright, and his sister, Regina Wolfstein, appellee, the latter sitting on the south or right-hand side next to the door. The street car tracks of appellant ran east and west along the center of the street. There was heavy ice on the street with deep ruts therein to a depth of eight or ten inches, and deep ruts along the street car tracks and the street was in a very slippery condition. Between the south rail of the street car track and the south curbing of the street was a distance of 17 feet. The evidence on behalf of appellee tends to show that the automobile was being driven at about 12 miles per hour in the grooves or ruts outside of the railroad tracks and that by reason of the icy and rough condition of the street the front end of the automobile turned or jumped so that the left front wheel swung to the left and passed over the south rail of the railroad track; the driver attempted to get the automobile off of the track and back on to the side of the street where he had been proceeding but was unable to do so; he stopped the automobile and sounded his horn as he saw that a street car was approaching from the east and was distant about 450 feet; his lights on the automobile were lighted; that the street car was running between 30 and 35 miles an hour and failed to stop and thereby collided with the automobile; between 15 or 20 seconds elapsed between the time when he first saw the street car and the collision; the street car ran 3 or 4 car lengths past his automobile before it was brought to a stop. The evidence for appellant tended to show that the motorman did not see the automobile until it jumped on to the track directly in front of the street car about 20 feet distant therefrom; that he immediately applied the brakes on the street car and did all he could to stop it but was unable to do so within that short distance; that the speed of the street car was between 15 and 16 miles per hour. The credence of the witnesses was a matter for the jury to

consider and it was for them to reconcile the evidence and determine with whom was the preponderance or greater weight thereof.

It is most strenuously insisted, however, that the evidence conclusively shows that the appellee was guilty of contributory negligence in that she did not exercise due care for her own safety. The testimony of appellee herself is somewhat conflicting, as to whether she saw the street car or when she saw it if she did see it. The point raised is that when her brother's automobile became stalled upon the street car track and she saw the street car approaching, or, by the exercise of due care could have seen it, she should have left the automobile and proceeded to a place of safety. She testified that she was talking to her mother and did not see any street car approaching and had no occasion to notice the street car until her brother's automobile jumped on to the tracks and that she never saw the street car until they were in danger; that there was nothing to prevent her view of the approaching street car while she sat in the automobile as she could see on all sides through the glass. While the negligence of Bright, her brother and driver of the automobile, if any, cannot be imputed to appellee, yet she was bound to exercise ordinary care for her own safety. *Flynn v. Chicago City R. Co.*, 250 Ill. 460; *Pienta v. Chicago City Ry. Co.*, 284 Ill. 246; *Opp v. Pryor*, 294 Ill. 538; *Grifenhan v. Chicago City Rys. Co.*, 299 Ill. 590. The evidence tending to show that but 15 or 20 seconds elapsed after the automobile jumped on to the tracks, the time intervening between the first knowledge appellee had of the approach of the street car and the collision was necessarily very short for her to weigh the situation and determine the best way to prevent injury to herself and to exercise her judgment and act thereon. The evidence further tends to show that if she had attempted to leave the automobile from

the side on which she was sitting, she would have placed herself upon an icy, slippery street in front of the approaching street car. Whether she would have had time and opportunity if she had done so to have escaped being injured is open to doubt. She testified that she expected the street car to stop and avoid the collision. From all the evidence it became a question of fact for the jury also to determine whether she acted, under the circumstances, as a reasonably prudent person would have acted for her own safety, by not attempting to leave the automobile.

The physical injuries received by appellee so far as shown by the evidence were all confined to the head. They consisted principally of lacerated wounds on her face, one of which extended to the eye, and bumps and swollen places on the head. She was attended by her family physician, Dr. Bachrach, who, after testifying to the physical injuries on the head, further testified that 7 or 8 months after the accident he discovered that she had the disease known as leucorrhea, which is caused by an inflammation in the vagina; that in his opinion such inflammation was brought about by a nervous shock and that the shock occurred on January 23, 1927, at the time of the accident. The evidence very conclusively shows that this disease is very common among women, that it is a germ disease, and the greater weight of the evidence is that the injuries received by appellee and her nervous shock resulting therefrom, could not create this disorder. However, the greater vice in the admission of this testimony is the fact that there was no proof whatever that appellee did not have this disease before the accident happened to her. Without proof that appellee had not been afflicted with the disease before the accident it was error to permit the doctor to testify from discovering its existence 7 or 8 months after the accident, that, in his opinion it was caused by the accident. Appellee

was not asked by her counsel and did not testify to anything in regard to the subject of leucorrhoea. There was no foundation laid for this testimony. Dr. Bachrach was further permitted to state what the course of treatment would be to cure her of the disease, the length of time it would take and the possibility of the necessity for an operation, consisting of a curettaging, and the removal of one ovary. The whole testimony of Dr. Bachrach on this subject was purely speculative and conjectural, incompetent and erroneous. *Lauth v. Chicago U. T. Co.*, 244 Ill. 244; *Chicago City Ry. Co. v. Henry*, 62 Ill. 142; *Lyons v. Chicago City Ry. Co.*, 258 Ill. 75; *Chicago City Ry. Co. v. Henry*, 218 Ill. 92. This testimony, however, only tended to prove the damages. Appellant in the court below filed points in support of its motion for a new trial, among which there was none raising the question that the damages were excessive. It is a familiar and elementary rule that where a party files a written motion for a new trial and specifies therein the grounds or points upon which he relies, all questions not embraced in the points so filed, are waived. *Chicago City Ry. Co. v. Smith*, 226 Ill. 178; *Yarber v. Chicago & A. Ry. Co.*, 235 Ill. 589; *Erikson v. Ward*, 266 Ill. 259. It has been expressly held that the point that the verdict is excessive must be stated as one of the grounds so filed or it is waived. *Jones v. Jones*, 71 Ill. 562; *Ottawa, O. & F. R. Val. R. R. Co. v. McMath*, 91 Ill. 104; *McClaren v. City of Gillespie*, 250 Ill. App. 53. It was held in the case of *Danley v. Hibbard*, 123 Ill. App. 666, (affirmed 222 Ill. 88) that a party cannot complain that the court erred in the rejection of competent evidence which pertained to the amount of the damages where the excessiveness of the verdict was not made one of the grounds for a new trial. So also the propriety of an instruction pertaining solely to the question of damages will not be considered on appeal if

the party complaining did not urge as a ground for a new trial that the damages awarded were excessive. *Linck v. Scheffel*, 32 Ill. App. 17; *City of Paxton v. Frew*, 52 Ill. App. 393; *Wettrick v. Martin*, 164 Ill. App. 273.

Complaint is also made to some of the instructions. There was no reversible error therein.

The judgment of the circuit court is affirmed.

*Affirmed.*