Ruth Graham, Appellee, v. Elmer Dressen and Helen McDermott, Appellants.

Gen. No. 9,050.

16

Opinion filed October 15, 1937.

LE FORGEE, SAMUELS & MILLER, of Decatur, for appellants; WILLIAM W. DUNN, of counsel.

VAIL, MILLS & ARMSTRONG, of Decatur, for appellee.

Mr. Justice Davis delivered the opinion of the court.

A complaint was filed by Ruth Graham, plaintiff appellee, in the circuit court of Macon county by which she sought to recover damages from Elmer Dressen, defendant appellant, for injuries alleged to have been caused by the negligence of said defendant in the operation of his automobile. The defendant filed an answer and counterclaim. Helen McDermott, who was in the car of defendant at the time of the alleged accident, was permitted to become a party defendant and filed a counterclaim. A trial resulted in a verdict in favor of plaintiff and against the defendant, Elmer Dressen, for the sum of $5,000. The court at the close of the evidence directed a verdict in favor of plaintiff on the counterclaims of the defendants, and no question is raised on this appeal relating to said counterclaims.

The errors relied upon for a reversal of said judgment are that the court erred in denying appellants' motion to exclude the evidence of appellee as to the medical and hospital expenses because there was no proof that the charges were the reasonable and customary charges for the services rendered; that the verdict is against the manifest weight of the evidence; and that instructions numbered one, two, three, four, five, nine and ten, were improper instructions.

The evidence discloses that Jacqueline Noblet, a supervisory parole agent for the State of Illinois, with an office and residence at Springfield, was an old acquaintance of Ruth Graham, plaintiff, who was a guest of Mrs. Noblet.

It became necessary for Mrs. Noblet, in the performance of the duties of her office, to go to Marion, Illinois, to pick up a girl who had escaped from the Lincoln State School and Colony at Lincoln, Illinois. Appellee accompanied her. On the return trip from Marion they went to Decatur and turned left on Route 121

and proceeded in a westerly direction towards Lincoln. Mrs. Noblet was driving, and Miss Graham and the girl were in the back seat, Miss Graham sitting on the right and the girl on the left. At the intersection of Route 121 with the first north and south township road, east of Warrensburg and about a mile south of Warrensburg, a collision occurred between the car of Mrs. Noblet and a car of Mr. Dressen. It was about 8:30 in the evening. The car of Mrs. Noblet was struck in front of the right rear wheel and it came to rest on its side in the ditch on the left side of the pavement. The car of the defendant Dressen came from the right on the dirt road, and did not stop. There was a stop sign on this township road, north of the hard road.

Mrs. Noblet testified that Mr. Dressen said he didn't see me, that he did not realize he was driving so near a State road; he said he did not stop. This testimony was not denied by defendant Dressen, although Helen McDermott testified that he did not say he did not know there was a hard road there and did not say he had not stopped.

Mrs. Noblet was driving a 1934 Chevrolet coach which was fully equipped with lights and the lights were on. She testified that as she approached the intersection she noticed lights. She was traveling at about 40 miles per hour and accelerated her car. The car was within a distance of a shoulder from her before she noticed it. The evidence further shows that there were marks on the edge of the pavement. They were dark and extended back from the edge of the pavement on the loose gravel in the township road 18 or 20 feet and not over three feet on the pavement. Appellant Dressen testified that after he turned south on the dirt road he moved his spotlight up and down over to the right side of the road. He saw the lights of another car to his left, which was 400 to 600 feet

from the intersection. The car was going from 50 to 60 miles per hour. As soon as he realized the road was in front of him he applied his brakes and cramped the wheels to the west.

Appellants contend the testimony of appellee conclusively shows that she was not in the exercise of due care for her own safety. The question of due care on the part of plaintiff is always a question of fact to be submitted to the jury whenever there is any evidence in the record which, with any legitimate inference that may reasonably and legally be drawn therefrom, tends to show the exercise of due care on his part. In considering the question of due care on the part of the plaintiff it is well to remember that this cannot always be shown by direct proof but the evidence as adduced by the plaintiff should disclose facts from which it may reasonably be inferred that he was in the exercise of due care. *Blumb v. Getz*, 366 Ill. 273.

There is no rule of law which prescribes any particular act to be done or omitted by a person who finds himself in a place of danger. In the variety of circumstances which constantly arise, it is impossible to announce such a rule. The only requirement of the law is that the conduct of the person involved shall be consistent with what a man of ordinary prudence would do under like circumstances. *Stack v. East St. Louis & Suburban Ry. Co.*, 245 Ill. 308, 92 N. E. 241.

From the evidence we cannot say that plaintiff was not in the exercise of due care for her own safety or that her conduct was not consistent with that of an ordinarily prudent man under like circumstances.

It was the province of the jury to pass upon all questions of fact. The jury saw and heard the witnesses testify. A verdict will not be set aside or reversed as against the weight of the evidence unless clearly and manifestly so. *Moore v. Aurora, E. & C. R. Co.*, 150 Ill. App. 484.

From an examination of the record in this case we are of opinion that the contention of appellants that the verdict of the jury is against the manifest weight of the evidence is without merit.

At the conclusion of appellee's evidence appellants moved the court to strike the testimony of Miss Graham with reference to the hospital bills and other expenses she testified she paid for the reason no sufficient foundation had been laid for such testimony, and also because there was no testimony as to the reasonableness of the charges made in the bill, and because there was no testimony as to the reasonableness of the charges as contained in the different items she testified to. The testimony as to Dr. Lewin's bill was admitted to have been properly proven. Appellee testified as to the items paid by her for doctor's bills, hospital bills, and also as to the item of $500, a bill from Dr. Lewin, upon which she had paid $100; a bill for $730.05 rendered by the Michael Reese Hospital, $34.50 of which had been paid; and a total of $329.95 had been paid by her, and $1,196.05 was still due.

It will be seen that the motion failed to point out any particular item of evidence which appellants desired to have excluded. The motion should have pointed out the particular items of expense which appellants desired to have excluded. Had the motion been granted the jury would not have known what parts were excluded. *Coburn v. Moline, E. M. & W. R. Co.,* 149 Ill. App. 132; *Stout v. Taylor,* 168 Ill. App. 410.

The evidence discloses that certain bills testified to by appellee had been paid by her. Proof of payment of the bills by appellee made a prima facie case that the charges were in fact reasonable and it was proper for the jury to consider such items as an element of

damages. *Wicks v. Cuneo-Henneberry Co.*, 319 Ill. 344, 150 N. E. 276.

Appellants made no objection to this testimony at the time it was introduced, nor did they insist upon an assurance by appellee that the further required proof would be made that the charges testified to were the usual and reasonable charges for services of that character. The motion was only directed as against bills that were paid. Appellants did not seek to have stricken the testimony of the witness, Ruth Graham, as to the bills and expenses contracted but not paid. We are of opinion that the court did not err in denying the motion of appellants to strike the testimony. The testimony of appellee, as to doctors' bills and hospital bills paid, only tended to prove damages and appellants make no claim that the verdict was excessive.

Appellants having failed to object to such testimony when it was introduced and having failed to move the court to require appellee to assure the court that such testimony would be followed up by evidence proving that the amounts of the bills testified to were the usual and reasonable charges for such services and having failed to make a proper motion to exclude the testimony can not now urge an objection that might have been obviated, if made at the trial, and that evidence is to be considered and will be given its natural probative effect the same as if, in law, it was admissible. *Ingram v. Hammar Bros. White Lead Co.*, 273 Ill. App. 152; *Ascher Bros. Amusement Enterprises v. Industrial Commission*, 311 Ill. 258, 142 N. E. 488.

It is insisted by appellants that instructions, numbered four, five, six, nine and ten given on behalf of appellee, were erroneous because there is no evidence in the record upon which to base that part of the instructions referring to medical and hospital expenses and damages. The case of *Schmitt v. Kurrus*, 234 Ill.

578, 85 N. E. 261, was quoted in part by appellants, as follows: "In order to recover for medical and surgical services and treatment it was necessary for the plaintiff to prove two things: First, that he had paid, or became liable to pay, a specified amount; and second, that the charges made were the usual and reasonable charges for services of that nature. The first essential fact to be proved was what the plaintiff had paid. The defendants might properly have insisted upon an assurance that the further requisite proof would be made and the court might properly have required such an assurance from the plaintiff, but the evidence was competent when offered and the court did not err in the ruling."

Appellants filed a motion for a new trial and under the provisions of sec. 68 (1) of the Civil Practice Act, Ill. Rev. Stat. 1937, ch. 110, § 192; Jones Ill. Stats. Ann. 104.068, a party wishing to move for a new trial must file the points in writing, particularly specifying the grounds of such motion. The party is limited to the grounds specified, and all other grounds are deemed to have been waived.

The testimony which the court refused to strike out upon motion of appellants only tended to prove damages, and the part of the instructions complained of related to medical and hospital expenses and question of damages. Appellants in their motion for a new trial did not specify as one of the grounds of such motion that the damages were excessive. In the case of *Wolfstein v. Illinois Power & Light Corp.*, 254 Ill. App. 362, the court said: "It has been expressly held that the point that the verdict is excessive must be stated as one of the grounds so filed or it is waived. *Jones v. Jones*, 71 Ill. 562; *Ottawa, O. & F. R. Val. R. Co. v. McMath*, 91 Ill. 104; *McClaren v. City of Gillespie*, 250 Ill. App. 53." It was held in the case of *Danley v. Hibbard*, 123 Ill. App. 666 (affirmed 222 Ill. 88),

that a party cannot complain that the court erred in the rejection of competent evidence which pertained to the amount of the damages where the excessiveness of the verdict was not made one of the grounds for a new trial. So also the propriety of an instruction pertaining solely to the question of damages will not be considered on appeal, if the party complaining did not urge as a ground for a new trial that the damages awarded were excessive. *Linck v. Scheffel,* 32 Ill. App. 17; *City of Paxton v. Frew,* 52 Ill. App. 393; *Wettrick v. Martin,* 164 Ill. App. 273.

It is said by the court in the case of *Moore v. Jansen & Schaefer,* 265 Ill. App. 459: "Appellee meets this contention with the statement, borne out by the record, that appellant's motion for a new trial was in writing, and that none of the grounds stated questioned the amount of the damages found by the verdict of the jury."

Appellants having failed to specify in their motion for a new trial that the damages fixed by the verdict of the jury were excessive, they are not in a position to question the action of the court in refusing to strike the testimony of appellee relating to the amount of damages, nor the propriety of an instruction pertaining to the question of damages.

Section 33 of the Motor Vehicle Act, in force at the time in question (Cahill's Ill. Rev. St. 1931, ch. 95a, ¶ 34) contained the following provision among others:

"However, paragraph 3 does not apply to the intersection of two of said highways. At such intersections and at intersections of a highway which has been designated by law as one of Routes 47 to 185 inclusive and upon which has been constructed a durable hardsurfaced road with any other highway, the Department of Public Works and Buildings may prescribe such traffic regulations relating to the right of way and boulevard stops as traffic conditions, in the discretion

of the department, warrant. Appropriate signs or warning lights shall be erected to give notice of any such traffic regulations.''

Instructions one, two and three given on behalf of appellee informed the jury as to the above provision of the Motor Vehicle Law.

It is insisted by appellants that there is no evidence that the Department of Public Works and Buildings had made any order giving preference to traffic upon Route 121, or that it had erected or was maintaining a stop sign, and for that reason the general statutory provision giving the car to the right the right of way prevailed and governed the traffic at the intersection in question, and that, since there was no evidence in the record that the department of public works and buildings had given preference to the traffic upon Route 121, appellee's instructions, numbered one, two and three, had no basis in the evidence.

The evidence clearly shows that there was a stop sign on the township road at the intersection and at the time in question. It was the ordinary state sign, yellow with black letters spelling S-T-O-P. It was located about 30 feet north of the edge of the pavement. Herman Herring, employed by the State of Illinois in the State Highway Department, was patrolman on Route 121 from Decatur to Mt. Pulaski and had charge of maintaining the stop signs along Route 121. The act provides that appropriate signs or warning lights shall be erected to give notice of any such traffic regulations.

In the case of *Hamann v. Lawrence,* 354 Ill. 197, 188 N. E. 333, it was contended by plaintiff in error that the part of the act above quoted was unconstitutional in that it vested legislative authority in the department of public works and buildings, contrary to the Constitution of this State. The court in its opinion, after holding the Act constitutional, also said: ''The legis-

lature, by the terms of the Act itself, made the erection of a stop light or standard stop sign notice of the existence of an exception to the usual rule of traffic as to right of way, and that part of the public traveling in automobiles was required to not only observe but to heed such warning and notice. Evidence of the existence of the standard stop sign at the intersection in question in this case was therefore properly received, and the instructions of the court with reference thereto correctly stated the law.''

The statute having made the erection of appropriate signs or warning lights notice of the existence of an exception to the usual rule of traffic as to right of way, the contention of appellants that there was no evidence in the record that the Department of Public Works and Buildings had given preference to the traffic upon Route 121 is without foundation, and instructions one, two and three given on behalf of appellee are not erroneous because there was no evidence in the record on which to base such instructions.

Instruction Number Four given on behalf of appellee was as follows:

''The Court instructs the jury that if you believe from a preponderance of the evidence that immediately before, and at the time of the collision complained of, the plaintiff was conducting herself as an ordinarily prudent person would have done under the same circumstances, and that the defendant Dressen carelessly and negligently drove his automobile in such a manner that by reason of such carelessness and negligence his automobile collided with the automobile in which the plaintiff was then and there riding, and that the negligence of the defendant Dressen was the direct and proximate cause of the collision, and that as 'a result of the collision the plaintiff was injured, then it would be your duty to return a verdict for the plaintiff and assess such damages as you believe, from a preponderance of the evidence, she is entitled to.''

This instruction is complained of because it is contended that it directed a verdict if the jury believed from a preponderance of the evidence that the appellant drove his car in such a negligent manner as to collide with the car in which appellee was riding, and it does not limit the negligence of appellant to that charged in the complaint, and no specific acts of negligence are referred to in the instruction.

Count one of the complaint charges that appellant Dressen so carelessly and negligently operated and drove his said automobile that by reason of such carelessness and negligence his automobile ran into and struck and collided with the automobile in which the plaintiff was then and there riding. This instruction limits the negligence of appellant Dressen to that charged in count one of the complaint, and for that reason is not subject to the error alleged against it.

It is further contended that the instruction is erroneous for the reason that the jury were misled to believe that the court assumed appellant was guilty of negligence. There is no merit in the contention that it assumes appellant Dressen was guilty of negligence. The test to be applied to an instruction is, not what the ingenuity of counsel can, at leisure, work out the instruction to mean, but how and in what sense, under the evidence before them and the circumstances of the trial, would ordinary men and jurors understand the instruction. *Funk v. Babbitt,* 156 Ill. 408, 41 N. E. 166.

It is also insisted that the instruction is erroneous for the further reason that it gives the jury too wide a latitude in determining the damages of appellee. This objection was commented upon and referred to in a former part of this opinion.

Finding no reversible error in the record, the judgment of the circuit court of Macon county is affirmed.

*Affirmed.*