Bronnenburg *v.* Charman.

---

No. 8363.

## BRONNENBURG *v.* CHARMAN.

BAILMENT.—*Mandate.*—A mandate is a bailment of personal property, in regard to which the bailee engages to do some act without reward.

SAME.—*Destruction of Property by Accidental Fire.*—*Negligence.*—Where one engages to collect rents for another without reward except the use of the money, collects it in the day time and puts it in the money drawer of his store-room at night, and the next morning the room and the money were destroyed by an accidental fire, he is not bound to exercise more than ordinary care and is liable for gross negligence only. In such case, proof that the money collected was placed in the money drawer, among the money and accounts of the defendant, was proper.

SAME.—*Instruction.*—*Proof of One Paragraph of Complaint.*—An instruction that the jury should find for the plaintiff, if satisfied that either paragraph of his complaint had been proved, was not improper.

SAME.—*Reading Extracts from Books.*—Reading to the jury an extract from an opinion of the Supreme Court and an extract from "Story on Bailments," was not an improper method of stating the law of mandate.

EVIDENCE.—*Proof of Marriage.*—It is not necessary to introduce the return of the officiating minister, or other officer, to prove the date of a marriage.

INSTRUCTION.—*Assuming Fact as Proved.*—An instruction using the words "as you may find" does not assume the fact as proved.

From the Madison Circuit Court.

*J. W. Sansberry, J. W. Sansberry, Jr.,* and *M. A. Chipman,* for appellant.

*C. L. Henry* and *W. S. Diven,* for appellee.

BICKNELL, C. C.—Bronnenburg sued Charman before the mayor of Anderson, on an account for $52, money had and received.   He recovered $43.50; Charman appealed to the circuit court and there obtained a verdict and a judgment for costs.

Bronnenburg appeals, and assigns as error that the court overruled his motion for a new trial.

The first four reasons for a new trial alleged the admission of incompetent testimony.

The fifth alleges error in the instructions.

The sixth and seventh are that the verdict is not sustained by sufficient evidence and is contrary to law.

The eighth is not mentioned in the brief, and is therefore regarded as waived.

The testimony objected to was properly admitted. The plaintiff was going away; the defendant agreed to collect his rents for him without charge; the defence was that the money, collected in the day time, was put by defendant, at night, in his money drawer in his store-room, and that early the next morning, the room and the money were destroyed by an accidental fire.   The defendant, acting without reward, except the privilege of using the money, was not bound to exercise more than ordinary care, and was liable for gross negligence only. Story on Bailments, section 23.

It became material to show when the money was collected and when it was lost; the defendant claimed that some of it was collected and paid over to plaintiff immediately after he came back; the evidence of the time of plaintiff's marriage, and of the time intervening between his return and his marriage, was material to fix the date of such return and to show that the collection of some of the money was subsequent thereto.   It is not necessary to introduce the return of the

officiating minister or other officer, to prove the date of a marriage.

It was not improper to allow proof that the money collected was placed in the money drawer, among the money and accounts of the defendant; this was a part of the history of the transaction.

It was not improper to tell the jury, in the instructions, that they should find for the plaintiff, if satisfied that either paragraph of the complaint had been proved, nor to tell them that "A mandate is defined by the law to be a bailment of personal property, in regard to which the bailee engages to do some act without reward;" nor to read to the jury the extract from the opinion of this court, and the extract from "Story on Bailments." Such authorities stated the law as clearly, perhaps, as the judge could have otherwise stated it.

The sixth instruction does not, as the appellant's counsel suppose, assume that any of the money was destroyed by fire. It is as follows: "You may find for the plaintiff for any amount which you may find was collected and not paid over, if any was so collected and not paid over, or you may find for the whole amount collected and not paid over, after deducting such amount *as you may find* was consumed by fire."

There was no error in the instructions, and the verdict was not contrary to law. There was evidence tending to sustain it, and, when that is the case, this court will not undertake to determine where the preponderance was. *Hayden* v. *Cretcher*, 75 Ind. 108; *Phœnix, etc., Ins. Co.* v. *Hinesley*, 75 Ind. 1.

There was no error in overruling the motion for a new trial. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.