Everson *v.* Seller.

Filed Jan. 30, 1886.

No. 11,681.

## EVERSON *v.* SELLER.

INSTRUCTIONS TO JURY.—*Harmless Error.*—*Supreme Court.*—*Practice.*—It is a harmless error, for which a judgment will not be reversed, to refuse to give a correct instruction asked by a party, where the law is properly stated in an instruction given by the court of its own motion.

CONVERSION.—*Measure of Damages.*—Where one unlawfully enters upon the premises of another and cuts and hauls to his mill logs belonging to the latter, the measure of damages, in an action by the owner to recover the value of the logs, is the value of the lumber in the logs at the mill and at the time they are there converted by the defendant to his own use, without any reduction for labor bestowed upon them.

From the Montgomery Circuit Court.

Everson *v.* Seller.

*E. C. Snyder* and *M. W. Bruner*, for appellant.
*J. Wright* and *J. M. Seller*, for appellee.

Howk, J.—In his complaint in this cause the appellee Seller alleged that, in January, 1883, he was the owner and in the possession of twenty-five oak logs, of the value each of $25; that the appellant Everson, and his agents, unlawfully entered upon appellee's premises and seized, hauled away and appropriated such oak logs to his own use; and that appellee expressly waived the tort described and brought this suit to recover the value of the logs so taken and appropriated by appellant to his own use. Wherefore, etc.

The cause was put at issue and tried by a jury, and a general verdict was returned for the appellee, assessing his damages in the sum of four hundred and seventy dollars. With their general verdict the jury also returned into court their special findings on particular questions of fact, submitted to them by the parties under the direction of the court. The facts thus found by the jury were, substantially, as follows:

There was no contract made between the parties to this suit on the 6th day of November, 1882, or at any other time, whereby plaintiff sold to defendant, or agreed to sell to him, the timber in question in this case. On November 6th, 1882, plaintiff sold to defendant just fifty-six oak trees, no more and no less. Plaintiff did not, on November 6th, 1882, or at any time, sell or agree to sell to defendant more than six trees in the north pasture. On or about December 19th, 1882, and on the first day defendant's hands began to cut timber on plaintiff's farm, plaintiff informed such hands that defendant had bought but six trees in the north pasture. Plaintiff told defendant's hands, on the day they began to cut timber on plaintiff's farm, that, when they had cut six trees in the north pasture, they must quit and cut no more in that pasture. There were thirty-seven thousand six hundred feet of lumber in the twenty-four logs in question in this cause. Defendant's hands, when they had cut not to exceed seven trees

in the north pasture, quit cutting in that pasture and began to cut in the south and middle pastures on plaintiff's farm. Plaintiff did not sell to defendant ninety oak trees for the sum of $700, and the trees sued for herein were not included in such sale, and defendant did not pay the agreed price for such trees.

Over appellant's motion for a new trial the court rendered judgment against him, in appellee's favor, for the damages assessed in the general verdict.

Several errors are assigned here by the appellant, but the only questions discussed by his counsel in their briefs of this cause are such as arise under the alleged error of the court in overruling the motion for a new trial.

It will be seen from the facts specially found by the jury, that the controverted question between the parties in the trial court was whether the oak logs, described in appellee's complaint, were, or were not, part and parcel of a lot of standing trees purchased of appellee and paid for by the appellant.

Upon conflicting evidence the jury decided this question in favor of appellee and against the appellant, and, of course, under our practice, we could not disturb this decision, even though it might seem to be contrary to, and in conflict with, the fair preponderance of the evidence. *Fort Wayne, etc., R. R. Co.* v. *Husselman*, 65 Ind. 73.

Appellant's counsel do not ask in argument for the reversal of the judgment upon the weight of the evidence. They insist, however, that the circuit court erred in overruling appellant's motion for a new trial for two reasons, namely: 1. Because the court erred in refusing to give the jury a certain instruction, at appellant's request; and, 2. Because of error in the assessment of the amount of recovery, the same being too large.

The instruction asked by appellant and refused by the court was as follows: "If the jury find from the evidence that defendant purchased from the plaintiff the timber herein sued for, and paid for the same the agreed price, then you must

find for the defendant." It is claimed by appellant's counsel that, "in refusing to give this instruction, the court erred, unless the same was embodied in some other instruction given to the jury." We think that the law of the instruction quoted was embodied in an instruction given the jury by the court of its own motion and in its own language. The instruction quoted was pertinent to the second paragraph of appellant's answer, which was substantially a special plea of payment. In one of its own instructions the court told the jury, in substance, that if they found the defendant had proved the material allegations of the second paragraph of his answer by a fair preponderance of the evidence, they must find for the defendant. It is manifest, therefore, that the error of the trial court in refusing the instruction quoted did not harm the appellant, and, for a harmless error, a judgment will not be reversed. *Freeze* v. *DePuy*, 57 Ind. 188; *Stott* v. *Smith*, 70 Ind. 298; *Town of Princeton* v. *Gieske*, 93 Ind. 102.

The second reason assigned by appellant's counsel, *supra*, for claiming that the court erred in overruling the motion for a new trial, presents for decision a more difficult question. At the point on appellee's farm where the logs in controversy were cut by the appellant, there was evidence before the jury tending to prove that the lumber in the logs was worth seventy-five cents per 100 feet. The jury found specially, as we have seen, that there were 37,600 feet of lumber in the logs converted by appellant, and this number of feet, at seventy-five cents per 100 feet, would give as the value of the lumber, at the place where the logs were cut, the sum of $282. The logs were cut by appellant in January, 1883, and the trial of this cause below occurred one year later, in January, 1884. Adding, therefore, one year's legal interest to the value of the lumber in the logs as above, at the place where they were cut by appellant, makes a sum total of $298.92; and this sum, appellant's counsel insist, was the highest amount of damages the appellee was lawfully entitled to recover under the evidence. In their general verdict the jury

assessed the appellee's damages in the sum of $470, and, therefore, it is claimed, on behalf of appellant, that there was error in the assessment of the amount of appellee's recovery, or that his damages were excessive in the sum of $171.08. This claim is based upon the theory that appellant's conversion of appellee's logs or lumber occurred at the time and place when and where appellant severed such logs or lumber from the freehold, and that, in such case, the measure of appellee's damages (the tort being expressly waived) is the value of such logs or lumber at that time and place, with interest added until the time of the trial.

Before the appellee instituted this suit appellant removed the logs in controversy from appellee's farm, and hauled them about five miles to his saw-mill, in the town or village of New Ross, a station on a line of railroad. There was evidence before the jury from which they might have found, and apparently did find, that at the time of the commencement of this suit, and at appellant's saw-mill in New Ross, where the oak logs described in the complaint then were, such logs or lumber were then and there worth the sum of one dollar and fifty cents per one hundred feet. If the jury found, as they might have done on the evidence, that such logs or lumber were then and there worth that sum per 100 feet, and if that value was then and there (the tort being waived) the true measure of appellee's damages for the conversion of his logs or lumber, it is manifest that appellant can not successfully claim there was error against him in the assessment by the jury of the amount of appellee's recovery, or that the damages assessed in the general verdict were excessive. The trial court instructed the jury, as to the measure of damages in this case, as follows: "The measure of damages is the value of the logs at the time they were converted to the defendant's use, without any deduction for labor rendered or bestowed upon them by the wrong-doer."

This instruction is in accord with previous decisions of this court, and contains, we think, a correct statement of the true

rule for the measure of appellee's damages in the case in hand. *Yater* v. *Mullen*, 24 Ind. 277; *Ellis* v. *Wire*, 33 Ind. 127 (5 Am. R. 189). It is clear, we think, that the appellee might have recovered the possession of the logs after they were removed by appellant to his mill at New Ross, and this being so, we know of no reason, and none is suggested by appellant's counsel, why the measure of appellee's damages in this suit should not be the value of the lumber in the logs at New Ross and at the time the logs were there converted by appellant to his own use.

We have found no error in the record of this cause.

The judgment is affirmed, with costs.

