### COLLES ET AL. *v.* LAKE CITIES ELECTRIC RAILWAY COMPANY.

[No. 2,343. Filed March 16, 1899.]

EVIDENCE.—*Sales.*—*Acceptance.*—The written acceptance of an offer of sale cannot be varied or contradicted by proof of prior or contemporaneous oral negotiations, where there is no claim of fraud or mistake. *pp. 88, 89.*

SALES.—*Executory Contract.*—The written acceptance by the buyer of a proposal by the seller to furnish a heater, free on board cars, at a certain price, in the words ''accepted with the understanding that the heater is your property until accepted and paid for,'' amounts to an executory contract, and the buyer may refuse to accept the heater after such delivery. *pp. 88-91.*

PRACTICE.—*Pleading.*—*Joint Demurrer.*—It is not error to overrule a demurrer addressed jointly to two paragraphs of answer unless both paragraphs are bad. *p. 91.*

APPEAL AND ERROR.—*Assignment of Error.*—Where the court overruled a joint demurrer to two paragraphs of answer, separate as-

signments assailing the rulings upon each paragraph present no question for review. *pp. 91, 92.*

APPEAL AND ERROR.—*Presumptions in Favor of Trial Court.*—Where a new trial was granted on account of the insufficiency of the evidence, the Appellate Court will presume in favor of the action of the trial court, where the evidence on which the verdict was rendered is not in the record. *p. 92.*

SAME.—*Interrogatories.*—Available error cannot be predicated upon the action of the court in permitting improper interrogatories to go to the jury. *p. 92.*

From the Porter Circuit Court. *Affirmed.*

*H. B. Tuthill,* for appellants.

*C. R. Collins* and *J. B. Collins,* for appellee.

BLACK, C. J.—This was an action which, having been commenced in the La Porte Circuit Court, was transferred to the La Porte Superior Court, from which the venue was changed to the court below. The complaint contained four paragraphs. In the La Porte Superior Court a demurrer for want of sufficient facts was sustained as to the first paragraph, and overruled as to the others. There was an answer in four paragraphs, and a demurrer addressed to the third and fourth paragraphs jointly was overruled. A reply in denial having been filed, the cause was tried by jury, and a special verdict was returned. Upon motion of the appellee said superior court granted a new trial. In the court below the same issues were tried by jury, and a special verdict consisting of interrogatories and answers thereto was returned. The court overruled the motion of the appellants for judgment in their favor upon the special verdict, and also their motion for a new trial.

The action of the La Porte Superior Court in sustaining the demurrer to the first paragraph of complaint may be noticed first. That paragraph showed that on, etc., at the office of the appellants in Chicago, Illinois, the appellee being present by its president, Russell B. Harrison, the appellants proposed to the appellee in writing as follows:

"Chicago, November 1, 1893. Lake Cities Electric Railway Co., Michigan City, Ind.—Gentlemen: We propose to furnish you one of our improved heaters, diameter thirty, height thirteen feet, made of four steel cylinders, capacity 250 H. P., delivered f. o. b. car here, for $895, less 25 per cent., or $667.50 net. This heater is guaranteed to last fifteen years with fair usage, and to heat water from 200 to 210 degrees. Yours, very truly, E. G. T. Colles & Co."

"Chicago, October 27, 1893. Russell B. Harrison, Esq., Chicago, Ill.—Dear Sir: In consideration of your accepting our proposition dated November 1, 1893, to furnish one of our heaters for the Lake Cities Electric Railway Company for $667.50, we agree to make you a reduction of $117 in the price named. Yours, very truly, E. G. T. Colles & Co."

It was alleged that at the same time, and immediately after said written proposals were made, the appellee, through its president, accepted said proposition in these words:

"Accepted, with the understanding that the heater is your property until accepted and paid for. Lake Cities Electric Railway Company, by Russell B. Harrison, Pres. November 1, 1893."

It was further alleged, "that the words in the acceptance of the appellee to said contract, 'with the understanding that the heater is your property until accepted and paid for,' were understood and intended by the parties to said contract—that is, the plaintiff and defendant herein—to be, and they were added to said acceptance for the sole and only purpose of furnishing additional security to the said plaintiffs, and that said purpose was intended and expressly agreed between the parties at the time; that, immediately upon the delivery to these plaintiffs of said acceptance in accordance with the said proposal and said acceptance, they furnished and delivered to the said defendants a heater in all things identical with that proposed in said contract; that the same was delivered free on board cars at Chicago, in all things in accordance

with said contract; that, by the terms of said contract, delivery free on board cars at Chicago, consigned to the Lake Cities Electric Railway Company, was delivery of said heater to the said Lake Cities Electric Railway Company; that, immediately upon the delivery of said heater, they notified the defendant of the same; that said defendant refused to receive said property or to pay for the same." It was further alleged that the appellants "have complied with all the terms of said contract to be performed by them, and that they are entitled to recover the whole of the purchase price of said heater, with interest at the legal rate." A statement of account was filed and referred to in the complaint as an exhibit, containing a charge for "1 feed-water heater $550." The paragraph concluded with the averment that the whole sum on account of said heater was overdue and unpaid. .

While it is not distinctly stated that the acceptance of the appellee was in writing, the acceptance is set out in the form of a written acceptance with the signature of the party accepting, and the date; and it is alleged that certain words in the acceptance were "added" to the acceptance, and reference is made by the pleader to the delivery of the acceptance to the appellants. It appears in the special verdict that the acceptance was written in the form set forth in the pleading. Whether the uncertainty was inadvertent or purposed, the pleading must be construed most strongly against the pleader. The legal effect of the appellee's written modification of the proposal of the appellants cannot be contradicted or varied by the contemporaneous oral statements of the parties as to its meaning. It matters not that a verbal acceptance of a written proposal may be proved, in a proper case, not requiring a signed writing to bind the party to be charged. If the acceptance be in writing, it is elementary that it cannot be contradicted or varied by proof of prior or contemporaneous oral negotiations, where there is no claim of fraud or mistake.

It seems clear that the contract was executory. The

heater was not specifically designated and set apart by the contract. · It was to be one of a kind described. It is not alleged that it was to be manufactured, but, without selection by the buyer, it was to be placed by the seller on board cars. Without the modification of the contract by the appellee's written acceptance of the proposal, such delivery of the heater to a carrier, and consignment to the appellee, would have constituted a sufficient delivery to put upon the buyer the duty to receive and accept, if the heater corresponded to the terms of the contract. By the contract the title was not to pass until the heater was accepted and paid for by the appellee. There has been no consent of the appellee to the appropriation of a particular heater to the contract which the appellee should be bound to accept, and the appellee expressly reserved its consent to an appropriation binding on it. The property was to remain in the seller, and therefore there was to be no completed absolute sale until the acceptance and payment. '

The appellee, by the contract, reserved, without any qualification, the right to reject any heater which the seller might select and deliver. It might be that, at the time of the proposal and qualified acceptance thereof, the appellee was contemplating the making of changes in its establishment not yet fully decided upon, which subsequently it determined not to make, and that, with the possibility of such future decision in view, it reserved the right of refusing to carry out the contract for the purchase of the heater. At all events, the general and unqualified agreement that the heater should be the property of the appellants until accepted and paid for so modified the original proposition that the rejection of the heater before acceptance would be the exercise of a right reserved, so as to cut off the right of the sellers to sue for the purchase price, which may sometimes be recovered where nothing remains to consummate the sale but acceptance, which is wrongfully refused.

The transfer of the property in the goods—that is, of the

general ownership—is an essential of an absolute sale. This transfer may be made at once by the contract, or subsequently, in pursuance of the contract. The intention of the parties controls; and, if it appear from the terms of the contract to be the intention to give the buyer the privilege of preventing the property or ownership from ever passing, that intention will govern, and the exercise of the privilege must cut off the right to the recovery of the price.

The second specification in the assignment of errors is "that the court erred in overruling appellants' demurrer to the third paragraph of appellee's answer;" and the third specification is "that the court erred in overruling appellants' demurrer to the fourth paragraph of appellee's answer." As stated above, the only demurrer to the answer was addressed to the third and fourth paragraphs jointly, and it is suggested that the second and third specifications in the assignment of errors do not present any question for decision. The assignment of errors must be specific. The specifications of errors must be distinct. Each specification must be complete in itself, and must in itself, without reference to or aid from any or all other specifications, be sufficient to require the court on appeal to review some action of the lower court; and, to be available, the particular action of the lower court so specified must be an error for which the judgment should be reversed. It is necessary that each specification shall state sufficient to call for a review of some ruling of the trial court. Elliott App. Proc., section 309; *Louisville, etc., R. Co.* v. *Norman,* 17 Ind. App. 355. Now, under the form of the demurrer to the third and fourth paragraphs of answer, there would be no error of the trial court in overruling it, unless both paragraphs were bad. A specification of error calling in question the ruling upon the demurrer as it was, that is, as a demurrer addressed to both paragraphs, would present the question as ruled upon below; but an assignment assailing the ruling as to one paragraph alone would not call in question the ruling as to the other paragraph; and as the

specifications cannot be grouped to make out an error, and when one specification is being considered the other cannot be regarded, therefore, in considering the assignment relating to the third paragraph, we could not uphold that specification upon the ground that the third and fourth paragraphs were bad, nor could we consider whether or not the fourth was bad. If the third paragraph was bad, as the second specification in effect asserts, it would not therefore necessarily follow that the court erred in ruling upon the demurrer. It cannot be said that the specifications relating to the paragraphs separately present for review the question presented to the trial court, and by it ruled upon, which was whether both paragraphs were bad.

In the motion for a new trial, which the superior court sustained, it was assigned as one of the causes that the verdict of the jury was not sustained by sufficient evidence. The evidence on which that verdict was rendered not being in the record, we must presume in favor of the action of the court in granting the new trial.

One of the grounds of the motion for a new trial in the Porter Circuit Court was the action of the court in refusing to strike out certain interrogatories, which with the jury's answers thereto formed a part of the special verdict. The action of the court in permitting these interrogatories to go to the jury could not be available error; for, in determining what judgment should be rendered, the court would not take into consideration improper matter in the special verdict. For the consideration of any other cause assigned in the motion for a new trial, it would be necessary to have the evidence before us, and it is not in the record.

If what we have said in relation to the first paragraph of the complaint be correct, there was no error in overruling the motion of the appellants for judgment in their favor upon the special verdict. Judgment affirmed.

Wiley, J., absent.