MAY TERM, 1915.          187

Cullman *v.* Terre Haute, etc., Traction Co.—60 Ind. App. 187.

---

CULLMAN *v.* TERRE HAUTE, INDIANAPOLIS AND EASTERN TRACTION COMPANY.

[No. 8,592. Filed June 2, 1915. Rehearing denied October 14, 1915. Transfer denied November 19, 1915.]

1. STREET RAILROADS.—*Injuries to Persons on Streets.—Duty of Motorman.—Instructions.*—In an action for injuries sustained in a collision with an interurban car upon a public street, an instruction that "a motorman operating an interurban car upon a city street, and seeing a person driving * * * parallel to the track * * * and not within dangerous proximity thereto, has a right to presume that such person will exercise reasonable and ordinary care and will not drive upon the track when said car is in dangerous proximity", and that "it is the duty of such motorman, if he sees such person approaching the track in a vehicle, to give warning of the approach of his car, if he has the time and opportunity in the exercise of ordinary care, and he may proceed without stopping the same upon the presumption that such person will not drive upon the track in front of his car when it is in dangerous proximity to said person and vehicle", though incomplete and not strictly accurate, was not fatally erroneous in view of other instructions given. p. 188.

2. APPEAL.—*Review.—Consideration of Instructions.*—The instructions given by a trial court are to be construed in their entirety, and, when thus considered, if it appears that the jury was fully instructed on the issues, errors appearing on a consideration of the instructions in detached portions will be disregarded. **p. 190.**

3. TRIAL.—*Instructions.*—*Incomplete Instructions.*—*Duty to Request Proper Instruction.*—Where it occurs to a party at the time of trial that an instruction omits certain matters that might properly be included therein, it is his duty to request a complete instruction. p. 191.

4. APPEAL.—*Review.*—*Harmless Error.*—*Incomplete Instruction.*— The omission of proper matter from an instruction given is harmless where other instructions cover the matter alleged to be omitted. p. 191.

From Superior Court of Marion County (84,349); *Charles J. Orbison,* Judge.

Action by Daniel Cullman against the Terre Haute, Indianapolis and Eastern Traction Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*M. M. Bachelder,* for appellant.

*W. H. Latta,* for appellee.

IBACH, P. J.—This was an action to recover for personal injuries sustained by appellant in a collision between an automobile in which he was riding and one of appellee's interurban cars then being operated on a street in the city of Indianapolis. A trial of the case before a jury resulted in a verdict for appellee.

The only question presented on appeal is the correctness of the ruling of the trial court in refusing to grant appellant a new trial. Appellant's only contention is that the giving of instruction No. 11 constitutes reversible error. This instruction reads as follows: "A motorman operating an interurban car upon a city street, and seeing a person driving in the street parallel to the track upon which the car is being operated, and not within dangerous proximity thereto, has a right to presume that such person will exercise reasonable and ordinary care and will not drive upon the track when said car is in dangerous proximity. It is the duty of such motorman, if he sees such person ap-

MAY TERM, 1915. 189

Cullman *v.* Terre Haute, etc., Traction Co.—60 Ind. App. 187.

proaching the track in a vehicle, to give warning of the approach of his car, if he has the time and opportunity in the exercise of ordinary care, and he may proceed without stopping the same upon the presumption that such person will not drive upon the track in front of his car when it is in dangerous proximity to said person and vehicle."

Appellant contends that by giving such instruction the court invaded the province of the jury, that it was for the jury to determine whether when he saw the automobile approaching the track, the conditions and circumstances shown by the evidence were such as to require the motorman merely to sound an alarm and proceed, or whether they would require the motorman to immediately bring his car to a stand, or to check its speed so that he could prevent an injury in case the driver of the vehicle did not desist from his course. It may be conceded that the instruction complained of is not strictly accurate in all its parts, nor is it complete, and it is therefore subject to criticism, yet we are not inclined to hold that reversible error was committed by giving it. There is no serious objection by appellant to the first sentence of the instruction. The first clause of the second sentence places some duty on the motorman in the operation of his car, not all the duty required of him in all cases, but a general duty is presented, necessary to be exercised in cases of this character. This was not harmful to appellant. The second clause of the second sentence does not tell the jury that the motorman may proceed negligently, but simply that he may proceed on the assumption that a person will not drive in front of a moving street car when approaching in close proximity. It does not say that he may proceed without stopping after the person either gets into danger, or approaches so near to the moving

car as to be approaching danger. It rather furnishes to the jury a general statement of the motorman's right to proceed while a driver of a vehicle is traveling in the same street, parallel with the car, but not in such proximity as to make his place a dangerous one, until such time as something arose that would indicate to the motorman that such person was coming into danger. It is evident that the trial court intended that no other construction should be placed on this instruction, for in another the jury was told that street cars must be run with due regard to persons using the street, and that it is the duty of those managing an interurban car to exercise ordinary care. In another instruction the court said, "The motorman must be on constant watch for teams and automobiles turning upon the track and keep his car under such control as to be able to slacken speed or come to a stop should their safety seem reasonably to demand it," so that there was nothing in the instructions given including the one assailed limiting the rights of the jury, and by other instructions the duties of the motorman were particularly pointed out, when considered in connection with the facts assumed in the instructions with reference to the identical contingencies referred to by appellant.

It is settled by repeated decisions that the court's instructions are to be construed in their entirety and can not be held erroneous by considering detached portions, and when the instructions in this case are considered as a whole, we are satisfied that the jury was fully instructed on the facts and the issues, and the interpretation placed on the particular instruction attacked is not justified by the language of the instruction. Besides, if appellant concluded at the time of the trial that certain matters were omitted

MAY TERM, 1915. 191

Lake Shore, etc., R. Co. *v.* W. H. McIntyre Co.—60 Ind. App. 191.

from the instruction, which might have been
3. included therein, it was his duty to request
such instruction, or that this one be amplified. Since, however, the court in other
4. instructions included the same subject-matter which it is claimed is omitted from this
one, he has not been harmed, and has no right to complain. Judgment affirmed.

NOTE.—Reported in 109 N. E. 52. On negligence of railroad company operating trains or cars longitudinally along public street as a question for the jury, see 49 L. R. A. (N. S.) 660. On the right of motorman to assume that no one will attempt to cross track so close in front of car as to render a collision probable, see 5 L. R. A. (N. S.) 1059. Duty of driver of street car to anticipate that person will attempt to cross track, see Ann. Cas. 1915 A 216. Duty of street railway to give notice of approach of car by sounding gong or bell, see 20 Ann. Cas. 152. See, also, under (1) 36 Cyc 1632; (2) 38 Cyc 1778; (3) 38 Cyc 1693; (4) 38 Cyc 1784.