## Smith v. Kurtz et ux.

440

*Vanartsdalen & Biester*, for plaintiff.

*John Leslie Kilcoyne*, for defendants.

KELLER, P. J., December 19, 1938.—This action arose out of an automobile collision which occurred on May 23, 1937, at the intersection of the Ridge Road and the County Line Road, at Naceville, Bucks County, Pa. Both of these roads are a part of the State Highway system, the first named being a "thru highway". Plaintiff was driving a Chevrolet 1½-ton truck, with canvas curtains on its side, in a westerly direction along the Ridge Road, accompanied by five other passengers. Defendant, Helen M. Kurtz, was driving a Plymouth sedan belonging to her brother, Wilson H. Kurtz, the other defendant, in a southerly direction along the County Line Road. She was engaged in a business errand for her father, who accompanied her together with two younger brothers. As defendants' car approached the intersection of these two highways, at a speed of 30 or 35 miles an hour, she failed to observe the two intersection warning signs giving notice of a crossing with which she was unfamiliar and also failed to see the stop sign at the intersection until she was upon it. She immediately applied her brakes but was unable to bring the car to a stop to avoid a collision with plaintiff's car which was proceeding across the intersection. As a result of the collision, Horace Hunsberger, a passenger in plaintiff's truck and who sat beside plaintiff on the front seat, was killed, and plaintiff sustained severe injuries for which he claims compensation and to recover which, together with damages

to his truck, this suit was brought. Defendant and her father were likewise injured in the accident. We granted a compulsory nonsuit as to defendant, Wilson H. Kurtz, because no agency had been established between him and the codefendant, Helen M. Kurtz. We submitted the question as to the liability of Helen M. Kurtz to the jury, who rendered a verdict in favor of plaintiff and against defendant in the sum of $450. Defendant thereupon moved for judgment non obstante veredicto and for a new trial.

In support of her motions for a new trial and for judgment non obstante veredicto, defendant assigned, in addition to the usual stock reasons that the verdict was against the evidence, the law, and the charge of the court, a large number of specific reasons alleging error in the admissibility of testimony. These reasons may be summarized and reduced to two general propositions, viz: (1) That the court erred in permitting witnesses to testify regarding the "Thru Traffic-Stop" signs erected along the County Line Road and the Ridge Road being a "thru highway"; (2) that the court erred in permitting the introduction, as evidence, of the plea of guilty by defendant, Helen M. Kurtz, to the charge of involuntary manslaughter as contained in the records of the Quarter Sessions Court of Bucks County, in which defendant was charged with causing the unlawful death of Horace Hunsberger as a result of the collision in question.

As to the first proposition, it was the contention of defendant not only that it was incumbent upon plaintiff to prove that the Ridge Road was a "thru highway" and that the "Stop" and warning signs located along the County Line Road, along which defendant approached the intersection, were lawfully placed there, but that this could only be established by the official records of the highway department. No legal authority was submitted to us in support of this contention and we overruled these objections for two reasons: (1) Because the establishment of "thru highways" and the erection of "Stop" and

other warning signs are not required to be matters of public records in the State Department of Highways; (2) the designation and existence of "thru highways" as well as the "Thru Traffic-Stop" signs at intersections and other warning signs are matters of such common knowledge that a court may take judicial notice thereof. Under the provisions of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of June 22, 1931, P. L. 751, sec. 1112, effective at the time of this collision, the establishment of "thru highways" and stop intersections with reference to State highways was vested in the Secretary of Highways of the Commonwealth and in the local authorities in counties, cities, boroughs, incorporated towns and townships of the first class, with reference to highways under their jurisdiction. These public officials are authorized to designate thru highways, by erecting at the entrance thereto from intersecting highways signs bearing the words "Thru Traffic-Stop", the word "Stop" to be in letters at least six inches in height and the letters of the words "Thru" and "Traffic" to be in a form and size approved by the Secretary of Highways of this Commonwealth. The Secretary of Highways of this Commonwealth, with reference to State highways, and local authorities of counties, cities, boroughs, incorporated towns and townships of the first class with reference to highways under their jurisdiction, are also authorized to designate stop intersections by erecting at the entrance thereto some intersecting highway signs bearing the word "Stop" in letters at least six inches in height. Before the local authorities in counties and other municipalities, as aforesaid, may designate any highway as a "thru" highway or stop intersection which will intersect or affect a State highway, they must first secure the approval of such designation from the Secretary of Highways: The Vehicle Code, as amended, supra, sec. 1112. Furthermore, the code specifically forbids, under penalty, any such signs being placed on or along the highway unless authorized by the Secretary of Highways or the local

authorities: sec. 1107 of the Act of 1931, supra. Thus it will be noted that the establishment of "thru highways" and the erection of signs thereon is vested solely in the Secretary of Highways of the Commonwealth and that the erection of the signs pursuant to his authority constitutes the designation of such "thru highways". There is always a presumption that the acts or duties of public officials have been properly performed in accordance with the law and this presumption can be repelled only by clear evidence of illegality: 22 C. J. 130, §69; Commonwealth ex rel. v. Slifer, etc., 25 Pa. 23, 29; 10 R. C. L. 880, §27; Bohan v. Avoca Borough, 154 Pa. 404, 408; Rothwell v. California Borough, 21 Pa. Superior Ct. 234, 239. Not only is there a strong legal presumption that the Ridge Road was properly and lawfully established by the Secretary of Highways as a "thru highway" but that the "Stop" and other signs in question were legally erected, which, in the absence of any rebuttal testimony, will prevail and support a finding by the jury. Furthermore, the existence of "thru highways" throughout this Commonwealth and more particularly within the County of Bucks, as well as the "Stop" and warning signs aforesaid at intersections, are matters of such common knowledge that a court will take judicial notice thereof. As was said by Keller, P. J., in Commonwealth ex rel. v. Pahlman, 118 Pa. Superior Ct. 175, 181:

"So long as the prohibitions, etc., are legal it is of little concern to the motorist to know who authorized them, whether the State or local authorities; but the law may be summarized: If the signs appear on a state highway they are erected by the Secretary of Highways; if on any other road or street, by the local authorities.

"We . . . hold that the provisions of the Vehicle Code are complied with when the traffic prohibition, limitation or regulation adopted by the Secretary of Highways or the local authorities, respectively, is designated by signs of legal size, if fixed by law,—otherwise of reasonably adequate size—posted conspicuously at points along

the highways and at intersections with other highways, wherever necessary, without a special reference to the authority creating the prohibition, etc., or the ordinance, resolution or rule under which it was adopted." See also Henry on Pennsylvania Trial Evidence (2d ed.) 339, and Commonwealth ex rel. v. Ball et al., 277 Pa. 301, 306.

If the contention of defendant were correct then it would be necessary in every highway accident case where this question might arise to call the Secretary of Highways or one of his representatives to establish the proper designation of "thru highways" and the legality of the erection of the various signs located along the highway. Such a requirement would place an undue and, in many cases, a prohibitive burden upon a plaintiff and will not be countenanced in law.

Aside from the question of presumption and the right of judicial notice, there was ample evidence produced, in the opinion of the court, by witnesses who were employes of the Commonwealth, one of whom was a maintenance man for the State Highway Department, and another a member of the Pennsylvania Motor Police force whose duty it is to enforce the motor vehicle and traffic laws, to support the fact that the Ridge Road was a "thru highway" and that the signs in question were State signs.

Defendant's second proposition is that the court should not have admitted testimony of defendant's plea of guilty to the charge of manslaughter for the death of Horace Hunsberger as an admission of her negligence. Plaintiff offered in evidence defendant's plea of guilty as an admission of an unlawful act in striking plaintiff's car which resulted in the death of Mr. Hunsberger, a passenger, and injuring plaintiff. As a general rule, the evidence of a conviction of a criminal offense may not be used in a civil suit. However, there is a distinction where a defendant entered a plea of guilty to a criminal offense involving the same facts and circumstances. In such cases, it has been generally held that a plea of guilty in

a criminal case on which judgment had been pronounced may be received in a subsequent civil action as an admission against interest. Also, that an admission contained in a pleading in one action may be received in evidence against the pleader on the trial of another action where the statements in the pleadings are relevant and material to the issue involved in the action in which it is sought to be used: 22 C. J. 331, §§372, 374; 5 C. J. 685, §131; Gillespie v. Modern Woodmen of America, 101 W. Va. 602, 133 S. E. 333; Russ v. Good, 92 Vt. 202, 102 Atl. 481, 482; Wisnieski v. Vanek et al., 5 Neb. (unoff.) 512, 99 N. W. 258; Yeska v. Swendrzynski et al., 133 Wis. 475, 113 N. W. 959; Consolidated Ice Mfg. Co. v. Medford, 18 Dist. R. 293. The issue in the instant case was the alleged negligence of defendant and the sole purpose in introducing her plea of guilty to the criminal charge of involuntary manslaughter, although for the death of a person other than plaintiff, but which, nevertheless, involved the same facts and circumstances, was to establish her negligence. For this purpose, we admitted it and we have not been convinced that we were in error. Accordingly, these reasons must be overruled.

Defendant also contended that plaintiff was guilty of contributory negligence in failing to exercise the reasonable care required of him under the circumstances upon entering the intersection, and, therefore, nonsuit should have been entered. Unquestionably, it is the law that every person driving on a public highway, even though it be a "thru" highway or he may have had the right of way, must use reasonable care through the exercise of his senses to prevent his own injury, and if he fails to do so the consequences must fall upon him although the negligent act of another caused his injuries: Spear & Co. v. Altmyer, 124 Pa. Superior Ct. 9. Nevertheless, it is equally true that a driver of a motor vehicle on a "thru highway" having the right of way may assume that a driver of an automobile approaching on an intersecting street will recognize this right and perform his legal

duty unless the rate of speed at which such driver was traveling indicated that a collision was probable: Torrens et ux. v. Belfatto, 116 Pa. Superior Ct. 339; Hostetler v. Kniseley, 322 Pa. 248; Dudenhoefer et al. v. Williams, 127 Pa. Superior Ct. 166. We do not think that the cases cited by defendant in support of her contention that the court should have declared plaintiff guilty of contributory negligence as a matter of law control this case. They are authority only for the facts therein .involved. Plaintiff's testimony clearly shows that upon approaching the intersection he reduced his speed to approximately 15 to 18 miles an hour and that he looked to his right and to his left for approaching traffic; that he was vigilant as to approaching traffic and that when he reached a point approximately 10 or 12 feet east of the intersection and just before entering the same, he looked to his right, at which time he had a view in the direction in which defendant was traveling of approximately 50 feet and saw no car approaching; that thereupon he proceeded to cross but before he was halfway through the intersection defendant appeared on his right and collided with him, forcing him over to the southwestern corner of the intersection. Thus it will be observed that this case differs from Spear & Co. v. Altmyer, supra, and other cases cited by defendant in that in those cases plaintiff proceeded to cross the intersection in the face of rapidly approaching traffic. Under all the evidence and surrounding circumstances, we are of the opinion that this case was clearly for the jury not only for the determination of defendant's negligence but also as to any contributory negligence on the part of plaintiff. We believe the case to have been properly submitted to the jury and, therefore, conclude that defendant's reasons for judgment non obstante veredicto and for a new trial must be dismissed.

And now, to wit, December 19, 1938, defendant's motions for a new trial and for judgment non obstante

veredicto are dismissed; a new trial is refused and judgment is directed to be entered in favor of plaintiff and against defendant in accordance with the verdict rendered.