STULL *v.* DAVIDSON ET AL.

[No. 18,578. Filed June 10, 1955.
Rehearing denied July 21, 1955.]

566

*Kizer & Neu,* of Plymouth, *Sheer, Sheer & Ettl,* and *John W. Pfaff,* of South Bend, for appellant.

*Paul M. Butler, William E. Mills, Jones, Obenchain & Butler,* of South Bend, and *Albert B. Chipman,* of Plymouth, for appellees.

BOWEN, J.—This is an appeal from a judgment in an action for damages upon a complaint brought by the appellant, Claudine Stull, against the appellees, Rotha

C. Davidson and James R. Davidson, seeking to recover for alleged personal injuries sustained in an automobile collision which occurred at the intersection of two public streets in South Bend, Indiana. Issues were joined upon appellees' answer of denial and affirmance to appellant's complaint, with an additional paragraph of answer charging negligence on the part of Lloyd W. Stull, the driver of the automobile in which his wife, the appellant, was a passenger; and that his negligence was the sole proximate cause of the collision and injuries sustained by the appellant; to which paragraph appellant filed a reply denying the allegations of the answer.

The cause was tried to a jury, and the jury returned its verdict against the appellant and in favor of apellees, and that appellant take nothing by her complaint. The jury, in response to proper request for the same, also returned answers to certain interrogatories at the same time it returned its verdict. Judgment was rendered on the jury's verdict in favor of appellees and against the appellant, and that appellant take nothing by her complaint.

The appellant filed her motion to set aside the verdict of the jury, which motion was overruled by the court. Thereafter, the appellant filed her motion for a new trial, which was overruled by the trial court and this appeal followed.

Error assigned for reversal is the action of the trial court in overruling appellant's motion for a new trial, and in overruling appellant's motion to set aside the verdict of the jury. Grounds of appellant's motion for a new trial, not specifically waived, or waived by a failure to present the same in appellant's brief, are, that the court erred in refusing to give to the jury certain instructions tendered by the appellant, and that

the court erred in giving certain instructions tendered by the appellees, and that the appellant was harmed by the submission to the jury of certain interrogatories.

Appellant, in her brief, has specifically waived the specifications of error that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. Appellant's motion to set aside the verdict of the jury was based upon the grounds that the general verdict was in irreconcilable conflict with the answers to the interrogatories. However, appellant has not urged such assigned error in her brief that the trial court erred in overruling appellant's motion to set aside the verdict of the jury, either as a separate assigned error or as a ground of her motion for a new trial, and therefore, has waived such question in this appeal. *Costa* v. *Costa* (1953), 124 Ind. App. 128, 115 N. E. 2d 516; Rule 2-17(f), Rules of Supreme Court of Indiana.

From the record it appears that the accident occurred at the intersection of two public streets in the City of South Bend, Indiana. Ironwood Drive is the dividing line between Mishawaka and South Bend and runs in a northerly and southerly direction, and Ewing Avenue runs in an easterly and westerly direction. Appellant-plaintiff was a passenger in a car driven by her husband, which was a 1947 Studebaker Commander automobile, which approached Ewing Avenue on Ironwood Drive from the north traveling south, and the 1950 Studebaker Commander automobile in which the appellees-defendants were riding was traveling in an easterly direction on Ewing Avenue. The two cars collided at the intersection. After the accident the black Studebaker driven by plaintiff-appellant's husband came to rest about twelve feet south of the southeast curbline of Ironwood Drive. The right front wheel was in

the gutter. The defendants-appellees' car was facing southeast on Ironwood Drive about eighteen or twenty feet back or north from the appellant's car. Damage to the car in which appellant was riding consisted of damage to the right front bumper, right front head light, right front wheel, and the windshield was shattered. The defendants-appellees' car was a total wreck and defendants-appellees were knocked out of the car and rendered unconscious. The parties, both plaintiff and defendants, suffered serious personal injuries.

From the evidence most favorable to the appellees it appears that the car in which appellant was riding, driven by her husband, was traveling at a high rate of speed, which speed attracted attention of disinterested eye witnesses as it approached the intersection; that it did not slacken its speed as it approached the intersection and crashed into the car of the appellees. Appellant's husband, driver of such car, testified that as he approached the intersection he would have had to apply his brakes to stop at the intersection, and when he stepped on his brakes the pedal went to the floor and his car kept on going. He stated it was free wheeling; he had no place to go or nothing to do and he ran out in the pavement. He stated that at the time his brakes failed him, he looked in both directions, and saw a car coming from the right. At the time he saw this car coming from the right, he was about twenty feet back from the intersection. The car coming from the right was then about 100 feet back from the intersection when he first saw it. He testified that he just got out on the pavement and his car was struck in the right front wheel and on the right front side from the right front fender back to the body.

The appellee, Rotha C. Davidson, testified that as she approached the intersection she slowed down about a

half block from the intersection to about ten miles an hour to see if some friends were at home; that before she got to the intersection she did not see any car coming from the north and there were no cars coming from the east toward this intersection; and that the first thing that attracted her attention was "this big black blur coming at me," after she had already gotten into the intersection.

One witness testified that she couldn't very well judge the speed of the Stull automobile. She stated, "It was going fast. About like if a cop was chasing somebody —if you know how fast that is." She also stated that the automobiles were across Ewing after the accident.

The evidence showed that there were weeds and obstructions, including a mound of dirt, at the northwest corner of the intersection, which constituted some obstruction of view of the appellees.

The evidence most favorable to appellees established that Mrs. Davidson drove her automobile at a speed of twenty-seven to twenty-nine miles per hour immediately before the collision. Witnesses estimated the speed of the car in which appellant was riding at the intersection at "fifty miles per hour or more" and that it did not slow down nor stop at the stop sign at the approach to the intersection from the north. The answer of the jury to interrogatories showed no negligence on the part of appellee, Rotha Davidson.

Appellant has assigned error in the giving of appellees' instructions numbered 6, 7 and 8. The objections to these instructions are based upon the same general proposition by which it is claimed that there is no evidence in the record that the stop sign at this intersection was erected pursuant to any law or pursuant to any ordinance of the City of South Bend, and that the

acts referred to in such instructions apply only to streets and highways which have been declared through or preferential by an act of the City Council or of the State Highway Commission. The appellant further claims that such instructions constitute abstract statements or propositions of law with no effort to apply them to the evidence in this case. A further specification is made as to Instruction No. 8 in that it omits the word "sole." Without passing upon the question whether such word was necessary, it appears that the instruction complained of contains such word which the appellant insists was omitted.

The general rule is well established by the great weight of authority in this country that where there is evidence of the existence of a highway stop sign and the record is silent as to the person or persons who erected it there, it is to be presumed that the sign had been legally erected and that anyone disputing it has the burden of offering proof to counteract such presumption. *Graham* v. *Dressen* (1937), 292 Ill. App. 15, 10 N. E. 2d 843; *Rogers* v. *Jefferson* (1938), 223 Iowa 718, 277 N. W. 570; *Bartlett* v. *McDonald* (1937), 59 Ohio App. 85, 17 N. E. 2d 284; Blashfield, Cyclopedia of Automobile Law and Practice, Vol. 9B, §6041, p. 422. See also *Smith* v. *Kurtz* (1938), 34 Pa. D. & C. 439; Annotation, 164 A. L. R. 213. Also, it is provided by statute in this state, §47-2238(e), Burns' 1952 Replacement, ". . . in all civil actions oral evidence of the location and content of such signs or markings (stop signs) shall be prima facie evidence of the adoption and application of such restriction by the commission of the validity thereof." (Our parentheses.)

Furthermore, an examination of the record discloses that appellant's husband, and witness for her, testified

that Ewing Avenue was a preferential street and that he was familiar with the intersection of Ewing Avenue and Ironwood Drive, and that he knew there was a stop sign there. In cross-examination he testified that he knew there was a stop sign there and that he had lived in South Bend 64 years and knew that Ewing Avenue was a preferential street. Appellant tendered two instructions in which reference was made to the preferential status of Ewing Avenue at the intersection. Therefore, appellant cannot be heard to complain of the giving of appellees' instructions numbered 6, 7 and 8. A party who has invited error cannot be heard to complain. *Tompkins* v. *Smith* (1952), 122 Ind. App. 502, 106 N. E. 2d 487; *Coca-Cola Bottling Wks. of Evansville* v. *Williams* (1942), 111 Ind. App. 502, 37 N. E. 2d 702; *Kraning* v. *Bloxson, Admx.* (1937), 103 Ind. App. 660, 5 N. E. 2d 649, 9 N. E. 2d 107.

Further error is predicated upon the alleged error of the court in giving defendants' Instructions No. 9 and No. 31. Defendants' Instruction No. 9 reads as follows:

"A motorist upon a street is not bound to anticipate and safeguard against violations of statutory law or negligent operation by other motorists upon the highway.

"If you find, therefore, that on June 15, 1951, East Ewing Avenue was a through street at its intersection with South Ironwood Drive and if you further find that Mr. Stull as the driver of the automobile in which Mrs. Stull was riding proceeded on South Ironwood Drive into its intersection with East Ewing Avenue without stopping, then the defendants cannot be charged with failure to have anticipated such act on the part of Mr. Stull and to have taken preventative action to have avoided his automobile at said intersection. If you further find in such event that any such conduct on the part of Mr. Stull, if any you find, was the sole proximate cause of the collision, then

the plaintiff is not entitled to recover in this action."

The objection to such instruction is as follows:

"Plaintiff objects to the giving of defendants' tendered instruction No. 9, for the reason that it omits the word 'sole' in the second to the last line of the instruction, or in the last sentence 'in order to prevent plaintiff from recovering.' Second, there is no evidence that Ewing Street was a through highway, and the instruction assumes that it was a through highway. Third, the law is that a person must have his car under the reasonable control of a reasonable and prudent person at all times. They have no right to assume that others on the highway will not violate the law unless they themselves are not violating the law, and this instruction omits the important element of the defendant being herself in compliance with provision of law. People who are violating the law themselves have no right to assume that others are. We object for the further reason that a preference at an intersection is not an absolute right and this instruction tells them that it is an absolute right, and they have no duty to anticipate that any other person might be coming into the intersection without stopping, which is not the law."

Defendants' Instruction No. 31 reads as follows:

"I instruct you that the defendant, Rotha C. Davidson, at the time of and immediately before the collision described in the plaintiff's complaint, had the right to assume that all other operators of motor vehicles upon such street or approaching such street on an intersecting street were operating their vehicles in compliance with the laws of the State of Indiana and in compliance with the duty of all motor vehicle operators to exercise reasonable care and she cannot be required to have anticipated that such motorist, including the driver of the automobile in which Mrs. Stull was a passenger, would operate a vehicle in such a manner as to violate the laws of the State of Indiana and as to disregard such person's duty to exercise rea-

sonable care, if you so find from the evidence. And an operator of an automobile not being required to anticipate any such conduct on the part of other motorists cannot be held to be negligent for failing to foreguard against any such conduct."

The objection to such instruction is as follows:

"Plaintiff objects to the giving of defendants' instruction No. 31 for the reason it omits the requirement that before one person can assume that others will obey the law, that they themselves must be obeying the law, and that they must not be in any violation or they cannot assume that anyone else is going to."

In the argument portion of appellant's brief, the argument presented in support of her objection to Instruction No. 9 is as follows:

"Defendants' instruction number 9 set out above tendered by the appellee and given by the court over the objections of the appellant is clearly erroneous. The first sentence in said instruction is a bold mis-statement of the law. When it states that a motorist upon a street is not bound to anticipate and safeguard against violations of statutory law or negligent operation by other motorists upon the highway. This statement eliminates entirely the duty laid down by law of every motorist to use reasonable care under the circumstances. The instruction further charges that if they find that Mr. Stull entered the intersection with Ewing Avenue without stopping, then the defendants cannot be charged with failure to have anticipated such act on the part of Mr. Stull and to have taken preventive action to have avoided his automobile at said intersection. This statement grants an absolute right-of-way to the appellee while driving on Ewing Avenue and is erroneous in that it relieves appellee of the duty to use reasonable care to avoid a collision even though driving over an intersection over which one has the right-of-way over another."

Appellant's first ground of objection to Instruction

No. 9 is wholly without merit because it suggests that a word is omitted from the instruction which is contained therein. The second ground of objection to Instruction No. 9 is that appellant asserts that the instruction assumes that Ewing Avenue was a through highway. It is clear that such instruction makes no such assumption because the instruction uses the words "If you further find . . . that . . . East Ewing Avenue was a through street at its intersection with South Ironwood Drive." The third ground of objection to this instruction is the same ground asserted as an objection to Instruction No. 31. It is appellant's contention that persons operating a motor vehicle on the highway have no right to assume that others on the highway will not violate the law unless they themselves are not violating the law, and the appellant asserts that the important element of the defendant being herself in compliance with the provisions of the law is omitted from this instruction. The appellant, in the argument portion of her brief, in support of her specification of error based upon the objections to Instruction No. 9 and Instruction No. 31, further asserts that the statement in the instruction to the effect that a motorist upon a street is not bound to anticipate and safeguard against violations of statutory law or negligent operation by other motorists upon the highway, grants to the appellees an absolute right-of-way while driving on Ewing Avenue, and it is erroneous in that it relieves appellees of the duty to use reasonable care to avoid a collision.

It is well settled that one who is lawfully using a public highway, in the absence of knowledge to the contrary, has the right to assume that others using it in common with him will use ordinary care to avoid injuring him, nor is such motorist

bound to anticipate and safeguard against violation of statutory law or negligent operation by other motorists upon the highway. *Assoc. Truck Lines* v. *Velthouse* (1949), 227 Ind. 139, 152, 84 N. E. 2d 54; *Kraning* v. *Bloxson, Admx., supra; Elgin Dairy Co.* v. *Shepherd* (1915), 183 Ind. 466, 471, 108 N. E. 234, 109 N. E. 353; *Crane Co.* v. *Newman* (1942), 111 Ind. App. 273, 292, 37 N. E. 2d 732; *Toenges* v. *Walter* (1941), 109 Ind. App. 41, 32 N. E. 2d 95; *Rump* v. *Woods* (1912), 50 Ind. App. 347, 98 N. E. 369. Instruction No. 31 was not mandatory and Instruction No. 9 told the jury that "If you further find in such event that any such conduct on the part of Mr. Stull (driving into a preferential intersection without stopping), if any you find, was the sole proximate cause of the collision, then the plaintiff is not entitled to recover in this action." (Our parentheses.) In the objections to both instructions no claim is made that such instructions are erroneous by reason of the lack of the words "in the absence of knowledge to the contrary." Appellant's objection is grounded upon the fact that the instruction omits the specification that the appellee herself was using reasonable care and was not violating the law. Both instructions contained correct statements of the law. It is so well settled as not to admit of any doubt that a motorist upon a street is not bound to anticipate and safeguard against violations of statutory law or negligent operation by other motorists upon the highway. However, such correct statement of the law in a mandatory instruction, in the absence of any reference to the duty of the other party to *use due care,* and in the absence of any reference to the fact that a motorist has the right to assume that other motorists will not violate the law *in the absence of the knowledge to the contrary,* would be improper. And, it must be

conceded that the questioned instructions in the instant case are technically erroneous in that they are incomplete. However, the jury was fully informed as to the requirement that the appellees were required to use reasonable care in several instructions, and in fact Instruction No. 31 contains the words "it is the duty of all motor vehicle operators to exercise reasonable care." Neither can it be said that a careful reading of either of these instructions reveals or suggests to the jury that appellees were not required to exercise reasonable care to avoid colliding with other vehicles. The jury was told in other instructions that the mere fact that the appellee may have been driving on a preferential street did not excuse her from the duty of exercising reasonable care for the safety of others using the streets, and for her own safety.

The instructions in the instant case come clearly within the rule of incomplete instructions, which is, that, except as to mandatory instructions, ambiguity, inaccuracy or incompleteness of one instruction may be cured by another instruction, where they are not inconsistent with each other. *Cullman* v. *Terre Haute, etc. Traction Co.* (1915), 60 Ind. App. 187, 109 N. E. 52; *Angola R., etc. Co.* v. *Butz* (1913), 52 Ind. App. 420, 98 N. E. 818. We must read these instructions in question as a part of the entire charge to the jury. If, considering the instructions as a whole, they fully and fairly instruct the jury as to every material fact in controversy, they will be considered as sufficient. Error in any particular instruction will not justify a reversal unless it be of such a nature as to vitiate the whole charge to the jury and such charge is vitiated only when the instruction is so erroneous that it must be concluded that the jurors have been misled as to the law of the case. *Hough* v.

*Miller* (1942), 112 Ind. App. 138, 44 N. E. 2d 228; *Jones* v. *Kasper* (1941), 109 Ind. App. 465, 33 N. E. 2d 816; *Koeneman* v. *Aldridge* (1954), 125 Ind. App. 176, 122 N. E. 2d 345.

From an examination of all of the instructions given in this cause it appears that the jury was fully and fairly instructed as to every material fact in controversy and was not misled by any of the instructions given.

The appellant assigns as error the giving of appellees' tendered Instruction No. 12. This instruction set forth the provisions of §47-2228, Burns' 1952 Replacement, with reference to the statutory requirements as to brakes on motor vehicles, and after reciting such statute, contained the following words:

"If you find from the evidence that Lloyd W. Stull operated an automobile at the time of the collision in violation of this statute, knowing the condition of his brakes to be bad, then such conduct on his part, if any, constituted negligence. Or if you find from the evidence that Lloyd W. Stull's automobile was equipped with adequate brakes immediately before he attempted to apply his foot brake upon approaching the intersection and that his foot brake failed completely to stop or slow down the automobile without any advance warning of such failure to Mr. Stull, and that he failed to exercise reasonable care by applying his emergency or hand brake in an effort to avoid the collision and that such conduct on his part, if any was the sole proximate cause of the collision then Mrs. Stull would not be entitled to recover herein."

Defendant's objections to such instruction are that it is not applicable to the evidence in this case and that the instruction assumes that the failure to use his hand brake constituted negligence and that it is a question for the jury, and that it is a mandatory in-

struction. The language of this instruction left to the jury the question as to whether the failure of Mr. Stull to apply his hand brake was a failure to exercise reasonable care. Stull admitted on cross-examination that he did not use his emergency brake, that he imagined that he could have stopped his car within fifteen or twenty feet if he had used his emergency brake, and if he "could have got to it, it wouldn't have happened." He admitted that he travelled at least eighty feet after he applied his foot brakes and that they did not take hold and that he never made any effort to apply his hand or emergency brake while his car travelled eighty feet. The instruction merely refers to certain facts, without assuming that they have been found, and instructs the jury as to the law applicable if these facts are found by the jury, which is entirely within the province of the trial court. *Jones* v. *Kasper, supra; Cook & Bernheimer Co.* v. *Hagedorn* (1925), 82 Ind. App. 444, 131 N. E. 788; *Bronnenburg* v. *Charman* (1881), 80 Ind. 475. The appellant asserts that the statute as to the hand or emergency brakes is only designed for the requirement to hold a vehicle steady on hills and while loading. It does not appear that the appellant's interpretation of the statute is justified when the words of this statute require that "Every motor vehicle, . . . when operated upon a highway shall be equipped with brakes *adequate to control the movement of and to stop and hold such vehicle,* including two (2) separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least two (2) wheels." (Our emphasis.) The questioned instruction does not state that the failure of the driver to use his hand brake is negligence *per se.* It merely told the jury that Mrs. Stull would not be entitled to recover damages if the jury found from the

evidence that any failure on the part of her husband, Lloyd W. Stull, to use his emergency or hand brake in an effort to avoid the collision was the sole proximate cause of the collision.

Appellant objects to appellees' Instruction No. 15 given by the trial court on the sole ground that it was not applicable to the evidence. This instruction in substance stated that the appellee was not bound to anticipate or foresee any mechanical failure on the part of the Stull automobile which was not outwardly apparent to Mrs. Davidson in the exercise of reasonable care. That such instruction is applicable to the evidence heretofore set out in this opinion seems clear and obvious without further extension of this opinion as to such assigned error.

Additional error assigned is that the court erred in giving instructions numbered 18, 19 and 23 on the subject of contributory negligence. The first two of such instructions were objected to on the ground there was no showing of any contributory negligence on the part of appellant, and Instruction No. 23 on the ground that it was repetitious. Appellant tendered six instructions which used the term "contributory negligence." It would seem apparent that by reason of such action on the part of appellant that it would not constitute error as to the appellant to define the term "contributory negligence." Furthermore, it is so well settled in this state that contributory negligence becomes a question of law for the court only where there is no dispute as to the controlling facts and no possible basis for reasonable minds to differ as to reasonable inferences to be drawn and conclusions to be drawn from the evidence. The rule is now well established that although a passenger is riding as a guest of the operator of a motor vehicle, such guest is never-

theless required to use that degree of care for his own safety that an ordinarily prudent person in like circumstances would use under the same or similar conditions. *Lindley* v. *Sink* (1940), 218 Ind. 1, 30 N. E. 2d 456; *Keeshin Motor Express Co.* v. *Glassman* (1942), 219 Ind. 538, 38 N. E. 2d 847; *Davis* v. *Dondanville* (1940), 107 Ind. App. 665, 26 N. E. 2d 568; *Ohio Elec. Co.* v. *Evans* (1922), 77 Ind. App. 669, 134 N. E. 519; *Gergely* v. *Moore* (1954), 125 Ind. App. 263, 120 N. E. 2d 637.

Appellant predicates error on the refusal of the trial court to give her tendered Instruction No. 21, which instruction, in substance, told the jury that the negligence of Lloyd W. Stull could not be imputed to his wife. Appellant's tendered Instruction No. 2, which was given to the jury by the trial court, told the jury that the negligence of Lloyd Stull could not be imputed or charged to the plaintiff, Claudine Stull. The tendered instruction which was refused covered the same legal principles of imputed negligence with the exception that one was mandatory in form and the one refused was not. The refusal of a court to give a tendered instruction is not reversible error even if such instruction is a proper statement of the law, if the subject-matter of such instruction was covered by another instruction given to the jury and the record shows that the appellant has not been prejudiced thereby. *Indianapolis, etc., Traction Co.* v. *Sherry* (1917), 65 Ind. App. 1, 6, 116 N. E. 594; *Everson* v. *Seller* (1885), 105 Ind. 266, 4 N. E. 854. This instruction was properly refused.

The final assignment of error by appellant is that the appellant was harmed by submission to the jury of certain interrogatories. It must be noted in this connection that the appellant has waived any question with reference to the trial court's ruling

upon a motion for judgment on the answers to the interrogatories notwithstanding the general verdict, and this court in *Fort Wayne, etc., Traction Co.* v. *Kumb* (1917), 64 Ind. App. 529, 116 N. E. 309, set out that the refusal of a trial court to strike out interrogatories upon motion of a party can be raised on appeal only upon a consideration by this court of the trial court's ruling upon a motion for judgment upon answers to the interrogatories notwithstanding the general verdict.

Furthermore, an examination of the record in the instant case reveals that the jury answered "no" to each of the interrogatories numbered 3, 5, 7 and 9, which separately asked whether certain specific conduct on the part of Lloyd Stull, if found to exist under other interrogatories, was the sole cause of the collision. The action of the trial court in permitting interrogatories, even if improper, to go to the jury, was not reversible error because the trial court in ruling on the motion of the appellant to set aside the verdict is presumed to have disregarded any answers of the jury to any improper interrogatories. *Colles* v. *Lake Cities Electric R. Co.* (1898), 22 Ind. App. 86, 92, 53 N. E. 256; Lowe's Revision, Works' Indiana Practice, Vol. 3, §56.15, p. 507.

Since the jury definitely found no negligence on the part of appellees, it might very well have concluded upon the undisputed testimony of Lloyd Stull himself, if believed by the jury, and the conduct of Lloyd Stull covered by the jury's answer to interrogatories 2, 4, 6, 6½ and 8, as to the mechanical failure of his brakes preventing his stopping, had combined to have constituted the only cause of the collision and the resulting injury to appellant.

From a careful examination of the record in this appeal it appears to this court that the merits of the

cause were fairly tried and a just result reached and determined in the court below, and we find no reversible error herein.

Judgment affirmed.

Pfaff, C. J., not participating.

Royse, J., concurs in result.

NOTE.—Reported in 127 N. E. 2d 130.